21237

**Doris PONIATOWSKI, Respondent, v. John P. PONIATOWSKI, Appellant.**

(266 S. E. (2d) 787)

*Van Osdell, Lester & Stewart,* Myrtle Beach, *for appellant.*

*H. Eugene McCaskill,* Conway, *for respondent.*

May 20, 1980.

NESS, Justice:

This appeal is from a divorce decree ordering appellant John P. Poniatowski to transfer his interest in a bookstore to respondent Doris Poniatowski. We affirm.

The parties were married in 1963 and have no children. They moved to South Carolina in 1975 and purchased a bookstore in Myrtle Beach with joint funds.

Both parties worked in the bookstore until the onset of marital problems. The husband then requested the wife to discontinue active participation in the bookstore's retail operations and she complied. At the time of the divorce, the only jointly owned asset was a residence in Myrtle Beach. Appellant owned the bookstore and had interests in a gift shop and restaurant.

Appellant first asserts the family court erred in ordering him to transfer his interest in the bookstore to respondent "as division of property and in lieu of alimony." It is well settled a court may not unconditionally order the transfer of property as alimony or in lieu thereof. *McCullough v. McCullough,* 271 S. C. 475, 248 S. E. (2d) 308 (1978) ; *Wilson v. Wilson,* 270 S. C. 216, 241 S. E. (2d) 566 (1978) ; *Smith v. Smith,* 264 S. C. 624, 216 S. E. (2d) 541 (1975). Here, however, the court effected a division of the marital property while preserving respondent's future right to alimony.

Upon holding respondent entitled to both alimony and an equitable share of appellant's business interest, the family court recognized the proposed property division would make payment of alimony unnecessary and perhaps unduly difficult

*for* appellant *at the present time.* It is clear from this finding the court did not intend the transfer of the bookstore to take the place of alimony. We construe the decree as awarding respondent appellant's interest in the bookstore only in lieu of *present* alimony.

Appellant also asserts the family court erred in ordering him to transfer his interest in the bookstore because respondent had not requested a division of his individually owned property. We disagree.

Section 14-21-1020, Code of Laws of S. C. (Cum. Supp. 1979), empowers the family court to determine "all legal and equitable rights" of the parties in a divorce action "in and to the real and personal property of the marriage . . . , if requested . . . in the pleadings." While respondent's petition did not specifically request a division of appellant's individually owned property, the statement of the case reveals she presented evidence of her contributions to the business. The record does not reveal whether appellant objected to this evidence and in the absence of an objection of record the defect is deemed waived. See cases 15 S. C. Digest, Pleading, Key No. 406(9), p. 341 (West 1952). Moreover, in view of the finding the bookstore was purchased with joint funds and operated by the parties' joint efforts, the award of the bookstore could be considered a further division of jointly owned assets. We hold the family court did not err in awarding respondent appellant's interest in the bookstore.[1]

Appellant's remaining exceptions either were not raised below or are unsupported by the record. The order appealed from is affirmed.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.

---

[1] Appellant retained his interest in the gift shop and restaurant, as well as in savings and checking accounts.