## 21415

Betty Mae LINDER, Respondent, v. Rico AGNEW, a Minor Under the Age of 14 Years, Annie Ruth Gregory, and Michael Thomas, Respondents, of whom Annie Ruth Gregory is Appellant, and Rico Agnew and Michael Thomas are, Respondents.

(276 S. E. (2d) 774)

154

*C. Robert Faucette,* of *Faucette & Rudasill, Sherod H. Eadon,* Spartanburg, *for appellant.*

*Michael N. Duncan,* and *James O. Thomason,* Spartanburg, *for respondents.*

March 24, 1981.

NESS, Justice:

This is a child custody case. Appellant, Annie Ruth Gregory, appeals from an order awarding custody of Rico Agnew to respondent, Betty Mae Linder. Respondent Rico Agnew joins the appellant and appeals from the family court's failure to impose a trust on proceeds from an insurance policy on the life of Rico's mother naming Linder beneficiary.[1] We affirm that part of the order awarding Linder custody and reverse that part failing to impose a trust on the insurance proceeds.

On appeal from an order of the family court, we have jurisdiction to find facts in accord with our view of the preponderance of the evidence. *Smith v. Smith,* S. C., 272 S. E. (2d) 797 (1980).

[1] Rico Agnew's mother was killed by his father, Michael Thomas, who is currently serving a prison sentence.

Appellant first asserts the judge erred in awarding Linder custody. We disagree.

In a custody dispute, the paramount and controlling factor is the welfare and best interest of the child. *Garvin v. Garvin,* S. C., 271 S. E. (2d) 413 (1980).

Appellant argues Linder is unfit to have custody because it was alleged she committed adultery. Although the morals of a person may be a factor to be considered, it is limited to how they affect the welfare of the child. *Davenport v. Davenport,* 265 S. C. 524, 527, 220 S. E. (2d) 228 (1975). Viewing the evidence in a light most favorable to appellant, the record at best only establishes a previous sporadic relationship. There is no evidence of an ongoing adulterous relationship which could possibly affect the welfare of Rico Agnew. Moreover, custody of a child will not be granted as a reward nor withheld as punishment. *Davenport, supra.*

Appellant also contends the desire of the surviving parent that she have custody is critical. We disagree. A father who is currently serving time in prison for killing the child's mother is not in a position to decide custody. See: *In re Moore,* 11 N. C. App. 320, 181 S. E. (2d) 118 (1971).

The judge considered numerous factors in deciding who would best serve the child's interest. He considered independent reports by social service agencies, appellant's relationship (aunt) to the child, the child's age, and the history of appellant's marital instability and child neglect. The record reveals the interests of Rico Agnew are best served by awarding Linder custody.

Appellant joined by Rico Agnew next assert the trial judge erred in failing to impose a trust on the proceeds from an insurance policy on the life of Rico Agnew's mother naming Linder beneficiary. We agree.

Paragraph six of Linder's petition states:

"The decedent Rosa Lee Agnew made the Petitioner (Linder) herein a beneficiary under a certain policy of life insurance in the amount of Five Thousand ($5,000) Dollars, with the understanding that the Petitioner would look after her minor child in the event of her death." (Tr. p. 7.)

Moreover, Linder testified the insurance proceeds were to be used for the benefit of the child.

In *Legrande v. Legrande,* 178 S. C. 230, 182 S. E. 432 (1935), the Court held enforceable a promise by a beneficiary to receive and pay over a portion of life insurance proceeds to a third party. We conclude a trust was established with regards to the proceeds of the policy on the life of Rosa Lee Agnew and Linder should administer the trust to the benefit of Rico Agnew.

The portion of the order awarding custody of Rico Agnew to Betty Mae Linder is affirmed and that portion failing to impose a trust on the insurance proceeds is reversed with instructions that a trust be imposed on the $5,000 proceeds, naming Betty Mae Linder, trustee, for the benefit of Rico Agnew.

Affirmed in part and reversed in part.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.