0089

Dorothy J. SHEALY, Respondent, v. Frank B. SHEALY, Appellant.

(313 S. E. (2d) 48)

Court of Appeals

Robert T. Williams, Driggers, Williams & Carlton, Lexington, for appellant.

Jean L. Perrin, of Rogers, Duncan, Fullwood & Perrin, Lexington, for respondent.

Heard Dec. 15, 1983.

Decided Feb. 21, 1984.

SHAW, Judge:

This is an appeal from a Family Court order granting Mrs. Shealy a divorce on the ground of adultery, a life insurance policy on her husband's life, alimony, a one-half interest in the marital home and the exclusive use thereof until her death or remarriage, and attorney's fees. The appellant-husband is not contesting the granting of the divorce but only the awards made by the trial judge.

Under the case of *Townes Associates v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976), this court has jurisdiction to find facts in accordance with its views of the preponderance of the evidence. Based on this scope of appellate review, we affirm the trial judge's decision in part and remand.

With respect to the life insurance policy, Mr. Shealy claims that Mrs. Shealy's pleadings were not sufficient to put him on notice that she was requesting an interest in the policy. In her pleadings, Mrs. Shealy requested that the policy in question be returned to her possession. Family Court Rule 12 allows the trial judge to construe the pleadings liberally. In *Pontiatowski v. Pontiatowski*, 275 S. C. 11, 266 S. E. (2d) 787 (1980), the Supreme Court held that a specific request for the division of individually owned property is not always necessary to obtain the property so long as the evidence shows entitlement to it.

Mrs. Shealy desired only one policy with a face value of $9,300 out of several life insurance policies owned by Mr. Shealy totaling near $100,000. Mrs. Shealy had paid the premiums on this policy for one year out of the ten years it was owned; the other nine years the premiums were paid from a joint checking account in which Mrs. Shealy made deposits for fifteen of the marriage's twenty-five years. She is also liable for all future premiums. Mrs. Shealy is clearly entitled to this policy.

It is a well settled proposition of law that a former wife who is entitled to alimony has an insurable interest in her former husband's life. *Meerwarth v. Meerwarth,* 128 N. J. Super. 285, 319 A. (2d) 779 (1974); *Partin v. de Cordova,* 464 S. W. (2d) 956 (Tex. Civ. App. 1971).

Mr. Shealy does not claim that Mrs. Shealy is not entitled to alimony; rather, he takes exception to the amount awarded. Upon reviewing each parties' financial and expense statements, it is apparent that there was no abuse of discretion in the amount of alimony awarded. During a separation prior to the divorce proceeding, Mr. Shealy was voluntarily paying Mrs. Shealy $1,000/month. As there has been no change of circumstances since that time, he certainly can afford to pay the $450 per month in alimony awarded. The amount accordingly awarded is left largely to the discretion of the trial judge whose judgment will not be disturbed absent an abuse thereof. *Powers v. Powers,* 273 S. C. 51, 254 S. E. (2d) 289 (1979); *Bailey v. Bailey,* 269 S. C. 1, 235 S. E. (2d) 801 (1977). We find no abuse of discretion.

The next objection by Mr. Shealy is to Mrs. Shealy being allowed the exclusive use of the marital home until her death or remarriage. Before the divorce decree, Mr. Shealy had no titled interest in the home; he had deeded his interest in the house to Mrs. Shealy in 1968 to avoid having it claimed in back taxes that were due from his alleged bootlegging activities. The trial judge awarded Mr. Shealy a one-half interest in the home but allowed Mrs. Shealy the exclusive use of it. An award of exclusive use is tantamount to title. This issue is remanded for compelling reasons to give

exclusive use of the house to Mrs. Shealy.[1] *Smith v. Smith,* 312 S. E. (2d) 560 (S. C. Ct. App. 1984).

Under the factors set out in *Nienow v. Nienow,* 268 S. C. 161, 232 S. E. (2d) 504 (1977), Mrs. Shealy was entitled to attorney's fees. Courts use degrees of entitlement for the monetary awards. Here, there was a showing of entitlement but no award made. This issue is remanded for a specific finding on an amount of attorney's fees.

Affirmed in part and remanded.

CURETON and GOOLSBY, JJ., concur.

---

[1] Due to their nature, domestic cases are difficult to end absolutely. Awarding fractional interests in real or personal property is not a satisfactory disposition to divorcing parties. It denies control of sale or encumbrances to both. Management, repairs, etc. are difficult to handle between persons at odds after divorce. Also, proven statistics have shown that women live longer than men thus furthering the uncertainty of an individual fractional interest. This could invite future litigation. In the future, Family Court judges are encouraged to make final dispositions of property interests where possible or, in the alternative, cite compelling reasons for awarding fractional or joint interests. Courts may determine incidental questions, afford complete justice and prevent multiplicity of litigation in divorce actions. *McLean v. McLean,* 273 S. C. 571, 257 S. E. (2d) 751 (1979).