0203

Betty A. TUCKER, Appellant, v. David E. TUCKER, Respondent.
(317 S. E. (2d) 764)

Court of Appeals

*Ronald C. Dodson,* of *Kirkland, Aaron & Alley,* of Columbia, *for appellant.*

*Robert F. Buggel,* of Columbia, *for respondent.*

Heard April 24, 1984.

Decided June 22, 1984.

GOOLSBY, Judge:

This is an appeal from an order of the family court that granted appellant Betty A. Tucker a divorce on the ground of adultery, denied her alimony, divided the marital property, and awarded her attorney fees. The questions on appeal concern: (1) the failure by the trial court to divide the parties' personal property; (2) the trial court's failure to award the wife alimony; (3) the failure to award the wife exclusive use and possession of the marital home for a period in excess of three years; (4) the trial court's failure to consider the business assets of respondent David E. Tucker in equitably distributing the marital property; and (5) the award of $750 in attorney fees to the wife. We affirm the trial court's failure to award the wife alimony and the failure to grant the wife the exclusive possession of the marital home for more than three years; we reverse the trial court's equitable distribution of the marital home because of its failure to consider the business assets in making an equitable distribution of the marital property and remand the issue of equitable distribution as it relates to the business and marital home for redetermination; and we reverse the award of attorney fees as to their amount and remand the issue concerning their amount for redetermination.

## 1. Division of Personal Property

The issue regarding the division of personal property (exclusive of husband's stock in National Security Company, Inc.), although raised, is no longer before us upon agreement of the parties. We, therefore, do not consider it.

## 2. Denial of Alimony

The trial court found that the wife was not entitled to receive alimony "at the present time." The wife argues on appeal that the trial court, in denying her alimony, failed to give proper consideration to the duration of the marriage, the wife's contribution to the accumulation of their joint wealth, and the husband's marital misconduct.

While an award of alimony rests in the sound discretion of the trial court [*Lide v. Lide*, 277 S. C. 155, 283 S. E. (2d) 832 (1981); *Nienow v. Nienow*, 268 S. C. 161, 232 S. E. (2d) 504 (1977)], several different factors should be considered by the trial court in determining whether to award alimony. *See, e.g., Burgess v. Burgess*, 277 S. C. 283, 286 S. E. (2d) 142 (1982); *Atkinson v. Atkinson*, 279 S. C. 454, 309 S. E. (2d) 14 (S. C. App. 1983). "No one factor should be considered dispositive" [*Lide v. Lide*, 283 S. E. (2d) at 833]; and in no event, should alimony be used either to penalize or to reward a spouse. *Beasley v. Beasley*, 264 S. C. 611, 216 S. E. (2d) 535 (1975).

In denying the wife alimony, the trial court noted the parties' marriage was one of long duration, discussed the husband's misconduct, and acknowledged the importance of the wife's financial contributions to the acquisition of property. The trial court referred to other factors as well but placed the most emphasis upon the incomes of the parties.

Since 1956, the wife, who is in good health, has worked for Southern Bell where she earned, at the time of trial, in excess of $1200 monthly. In addition to her salary, the telephone company provided her with full medical and dental insurance coverage as well as various savings, pension, and retirement plans.

On the other hand, the husband, a former truck driver, earned a salary of $200 weekly as President of National Security Company, Inc., a corporation in which he owns 85%

of the stock. As part of his employment, the company furnished him with an expense-free automobile and with a house. The husband also received a veteran's disability check of $51 monthly.

We cannot say that, in this instance, the trial court abused its discretion in failing to award the wife any alimony "at the present time," particularly since the trial court awarded the wife the exclusive use and possession of the marital home for a three-year period.from the date of the divorce decree and the decree expressly preserved the wife's right to seek alimony in the future.

### 3. Possession of Marital Home

The trial court awarded the wife an undivided one-half equitable interest in the marital home and, as we noted, gave her the exclusive use and possession of the marital home for three years. The home is completely paid for and legal title is in the husband's name. During the period she is to have exclusive use and possession of the home, the wife is required to maintain the home in good repair and to pay the expenses of insurance and taxes. At the end of the three-year period, the home is to be appraised and its fair market value established. Each party will then have the opportunity to purchase the other's one-half interest.

The wife alone appeals the portion of the order that limits her exclusive possession to only three years. She maintains that she is entitled to the exclusive use and possession of the home either for the remainder of her life or until she remarries. In addition, the wife argues that to limit her possession to a three-year period during which she is required to maintain the home and to pay all taxes and insurance premiums due upon the house is unfair.

An award of possession of the marital home is an incident of support and not a division of property. *Whitfield v. Hanks*, 278 S. C. 165, 293 S. E. (2d) 314 (1982); *Smith v. Smith*, 312 S. E. (2d) 560 (S. C. App. 1984). A court should not give a spouse exclusive possession of a residence as an incident of support unless the evidence reflects some special circumstance warrants such an award. *Id.; Shealy v. Shealy*, 313 S. E. (2d) 48 (S. C. App. 1984). Here, the record does not disclose any circumstance justifying the ex-

clusive use and possession of the marital home by the wife beyond the three-year period.

Regarding the wife's complaint about having to keep the home in good repair and to pay real estate taxes and house insurance premiums while she retains exclusive possession of the marital home, we discern no inequity. The wife ignores the fact that, during this period, the husband is deprived of the beneficial use of his interest in the marital home, an asset valued by the trial court at $42,000.

We affirm, then, that portion of the order allowing the wife the exclusive possession of the marital home for a period of three years and requiring her to maintain the house in good repair, to pay the taxes due upon the property, and to bear the cost of insuring it.

### 4. Division of Business Property

When it equitably divided the marital property, the trial court did not consider the assets represented by a private security company founded by the husband in 1972. As we stated previously, the husband owns 85% of its stock while the wife owns none. The wife claims that she should have been awarded either an equitable interest in the company or, in lieu thereof, a greater share of the marital home.

We recently observed in *Reid v. Reid*, 312 S. E. (2d) 724, 729 (S. C. App. 1984) that "a spouse need not prove that he or she made a material contribution toward the acquisition of particular property in order to be entitled to an equitable interest in it." In *Reid*, we affirmed a trial court's consideration of business assets in apportioning the marital property.

We, therefore, reverse the trial court's equitable distribution of the marital home because of its failure to consider the business property and remand to the trial court for determination the issue of whether and to what extent the wife is entitled to an equitable interest in the husband's business or to a greater equitable interest in the marital home.

In doing so, we note the wife's testimony that she materially contributed to the husband's business by answering radio and telephone calls, typing and duplicating documents, preparing work reports, and running errands, all without compensation, and by loaning the company $700, which remains unrepaid. *See Reid v. Reid.*, 312 S. E. (2d) at 729.

The trial court also failed to value the business assets ■ stating simply that the business had "no appreciable market value since it depends entirely upon [the husband's] own skill and good health for its operation."

We also held in *Reid* that when valuing business assets for the purpose of equitable distribution, the trial court should determine the fair market value of the corporate property as an established and continuing business. 312 S. E. (2d) at 727. The appropriate standard by which to determine a corporation's value, is to consider its " 'net asset value, the fair market value of its stock, and its earnings or investment value.' " *Id.*

On remand, therefore, the trial court, in addition to determining whether the wife is entitled to an equitable interest in the husband's business and, if so, the amount of that interest, shall determine the value of the business property and of the husband's interest therein and shall decide upon the method by which to distribute to the wife or to compensate her for any interest it determines the wife should have in the business property. *Reid v. Reid, supra; Hussey v. Hussey,* 312 S. E. (2d) 267 (S. C. App. 1984).

### 5. Award of Attorney Fees

The trial court awarded the wife $750 as an attorney fee. It based the award upon an affidavit submitted by the wife's counsel. On appeal, the wife seeks an additional amount asserting that the trial court misconstrued her attorney's affidavit.

The wife's attorney submitted a detailed affidavit stating that he spent approximately 40 hours in preparing the case and that he incurred costs totaling $197.50, plus expert witness fees of $200. No additional evidence was presented by either party on the issue. In his order, the trial judge simply recited several factors to be considered in making an attorney fees award and stated that the wife had submitted an affidavit in which her attorney asked only "for $750.00 to be contributed" by the husband toward payment of the wife's attorney fees. Nowhere in that affidavit does the wife's attorney request that the husband pay only $750 of the amount owed him by the wife for his services.

Ordinarily, the award of attorney fees lies within the

sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Cudd v. Arline*, 277 S. C. 236, 285 S. E. (2d) 881 (1981); *Sumter v. Sumter*, 280 S. C. 94, 311 S. E. (2d) 88 (S. C. App. 1984). Because the trial court failed to set forth the facts it relied upon in determining the amount of the attorney fees award and clearly misinterpreted counsel's affidavit, we reverse the amount of the award and remand the issue regarding the amount of attorney fees for specific findings of fact and for redetermination. *Atkinson v. Atkinson, supra;* FAMILY COURT RULES, Rule 27(C).

Affirmed in part, reversed in part, and remanded.

SANDERS, C. J., and GARDNER, J., concur.