0278

Margaret Downs SHAFER, Respondent, v. Robert N. SHAFER, Appellant.
(320 S. E. (2d) 730)

Court of Appeals

206

*Thomas W. Greene*, of *Greene & Greene*, Greenville, *for appellant.*

*James R. Turner*, Spartanburg, *for respondent.*

Sept. 18, 1984.

SHAW, Judge:

This is a divorce action in which appellant-Robert N. Shafer appeals portions of the family court order concerning alimony, child support, child visitation rights and equitable distribution of the marital home. The exception regarding attorney's fees is abandoned. We affirm in part, reverse in part, and remand.

Mr. Shafer and respondent were married in West Virginia in November, 1969. Their marriage produced one child, Jeffrey, who was five years old when the final hearing was held in January, 1982.

After twelve years of marriage, the parties permanently separated in May, 1981. Both parties filed petitions for separate maintenance the same month. Mrs. Shafer subsequently filed a petition seeking a divorce on the ground of adultery.[1]

Mrs. Shafer withdrew from college to marry Mr. Shafer who was then in the U.S. Air Force. Upon discharge, Mr. Shafer entered college to earn an engineering degree. During the time he was in school, Mrs. Shafer worked in a bank to support them. She worked approximately seven years until Jeffrey was born. After his birth in December, 1976, Mr. Shafer insisted Mrs. Shafer not return to work. Mr. Shafer then provided the entire support for the family.

The purchase of the parties' first marital home was financed by a $6000 loan from Mrs. Shafer's father to both parties. A $12,000 equity was derived from the sale of this house and reinvested in a second marital home which is jointly owned. The parties also received another $2,000 loan from Mrs. Shafer's father and $4,000 in loans from various members of Mr. Shafer's family to help purchase the second house. Mr. Shafer made payments on the loans from both sides of the family. It was disclosed at the hearing Mrs. Shafer's father was owed $1,200 and various members of Mr.

---

[1] At the time of the hearing the statutory three month waiting period for divorce had not run, however, evidence was sufficient to grant the divorce. The trial court reserved this issue for consideration following the three month period.

Shafer's family were owed a total of $3,825. The equity in the house was approximately $27,000 in January, 1982.

At the time of the hearing, Mrs. Shafer was pursuing an associate's degree in computer programming at a technical college. She expected to receive her degree in August of 1982. Mr. Shafer had a net disposable income of approximately $1,600 per month at that time.

The trial judge ordered Mr. Shafer to pay alimony of $300 per month for a period of 60 months and child support of $500 per month with an automatic increase to $600 per month after one year. Mrs. Shafer received custody of Jeffrey. Mr. Shafer was granted liberal visitation rights but specifically ordered not to take the child on his overnight visits with his paramour. Finally, Mrs. Shafer was given the exclusive use of the marital home until Jeffrey reached the age of eighteen or if she remarried, whichever occurs first. Each party retained his/her one-half interest in the home, and each was held responsible for one-half of the mortgage, taxes, insurance, repairs, etc. and for repayment of the loans from his/her side of the family.

In an action for divorce, the Court of Appeals has ■ jurisdiction to find facts in accordance with its own views of the preponderance of the evidence. *Shealy v. Shealy*, 280 S. C. 494, 313 S. E. (2d) 48 (S. C. App. 1984); *Townes Associates Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976).

The award of alimony rests in the sound discretion of ■ the trial judge. Alimony is a substitute for support which is normally incident to the marital relationship. All facts and circumstances disclosed by the record should be considered in determining whether alimony should be awarded and the amount thereof. Among factors to be considered are (1) the financial condition of the husband and the needs of the wife, (2) the age and health of the parties, their respective earning capacity, their individual wealth, (3) the wife's contribution to the accumulation of their joint wealth, (4) the conduct of the parties, (5) the respective necessities of the parties, (6) the standard of living of the wife at the time of the divorce, (7) the duration of the marriage, (8) the ability of the husband to pay alimony, and (9) the actual income of the

parties. *Atkinson v. Atkinson*, 279 S. C. 454, 309 S. E. (2d) 14
(S. C. App. 1983); *Lide v. Lide*, 277 S. C. 155, 283 S. E. (2d) 832
(1981).

The trial judge ordered sixty months of "rehabilitative
■■ alimony" at $300 per month. Yet there was no factual
finding as to what rehabilitative goal this alimony was
to serve. The sixty-month period bears no reasonable rela-
tionship to Mrs. Shafer's educational timetable as she
planned to graduate within six or seven months of the final
hearing. Under these circumstances, the portion of the order
dealing with alimony is conclusory and in violation of Family
Court Rule 27(C). *In the Interest of Meyers*, 273 S. C. 180, 255
S. E. (2d) 450 (1979); *Atkinson v. Atkinson, supra.* The ability
of the wife to earn money in the future is a factor to be
considered in establishing alimony. *Murdock v. Murdock*, 243
S. C. 218, 133 S. E. (2d) 323 (1963); *Mason v. Mason*, 272 S. C.
268, 251 S. E. (2d) 198 (1979). Yet, the part of the order
concerning alimony did not address this factor. Upon remand,
the trial judge shall determine whether any alimony is now
needed by Mrs. Shafer, and, if so, the amount thereof.[2]

The portion of the order concerning child support is
■ also reversed and remanded. By providing for an auto-
matic increase in child support, the trial judge ar-
bitrarily increased the amount of support without a showing
of a change of conditions. This was error. *Condon v. Condon*,
280 S. C. 357, 312 S. E. (2d) 588 (S. C. App. 1984). The trial
judge shall redetermine the amount of child support needed
based on each parent's present income. *Atkinson v. Atkinson,
supra; Graham v. Graham*, 253 S. C. 486, 171 S. E. (2d) 704
(1970); *Stevenson v. Stevenson*, 276 S. C. 475, 279 S. E. (2d) 616
(1981).

Mrs. Shafer was awarded a one-half interest together
■■ with the exclusive use of the marital home until the
parties' son reached age eighteen. Mr. Shafer's basic
objection to this award is that it deprives him of the beneficial

---

[2] We do not intend to imply that we are recognizing the doctrine of re-
habilitative alimony. The order is insufficient for us to review the alimony
awarded. Whether or not this doctrine will be recognized by the appellate
courts in this state is unknown. Such recognition will, of course, depend upon
a proper order concerning a factually appropriate case. *See Millis v. Millis*, 320
S. E. (2d) 66 (S. C. App., Op. No. 0252, filed September 6, 1984).

use of his one-half interest in the home. We previously held that a court should not award a spouse exclusive use of a marital residence as an incident of support without announcing some special circumstance or compelling reason for the award. *Smith v. Smith,* 280 S. C. 257, 312 S. E. (2d) 560 (S. C App. 1984); *Shealy v. Shealy,* 280 S. C. 494, 313 S. E. (2d) 48 (S. C. App. 1984); *Jones v. Jones,* S. C., 314 S. E. (2d) 33 (S. C. App. 1984); *Tucker v. Tucker,* 317 S. E. (2d) 764 (S. C. App. 1984). Such reasons or circumstances may include a consideration of, but are not limited to, the following factors: (1) whether the home is to be used to provide shelter for minor children, (2) whether the occupying spouse is handicapped or has some special need for the home, (3) the amount of equity the non-occupying spouse has in the home, (4) the length of time the non-occupying spouse's equity will be tied up, (5) the total amount of support otherwise awarded, and (6) adequate housing cannot otherwise be reasonably obtained by the spouse awarded the use of the home. These factors will necessarily require the trial judge to weigh the cost, inconvenience and other hardships that may be experienced by requiring the occupying spouse to move out of the marital home to the burden imposed upon the non-occupying spouse in being unable to realize his equity from a sale or other disposition of the home. *Jones v. Jones, supra.*

This issue is remanded to the trial court for a redetermination consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

BELL and CURETON, JJ., concur.