0282

Ernestine THOMPSON, Appellant, v. Matthew BRUNSON, Respondent.
(321 S. E. (2d) 622)

Court of Appeals

*Kenneth M. Suggs,* of *Ken Suggs-Mike Kelly, Lawyers, PA.,* Columbia, *for appellant.*

*Jens A. Feck,* Georgetown, *for respondent.*

Heard June 18, 1984.

Decided Sept. 24, 1984.

CURETON, Judge:

The appellant, Ernestine Thompson (mother), appeals from the order of the family court that awarded the respondent, Matthew Brunson (father), exclusive use of the parties' former marital residence and denied the mother's request for custody of the parties' two children in the father's custody. We affirm in part and remand in part.

The parties were divorced in 1978 at which time the mother was awarded custody of the parties' three children. In September, 1978, the father was awarded custody of the two youngest children and they have remained in his custody since that time. The divorce decree made no disposition of the marital home. The father has lived in the marital residence since the divorce.

In April, 1980, the mother sought custody of the two children. Her petition was dismissed with consent of the father, however, about a month later. In November, 1980, the mother filed her complaint in circuit court seeking partition of the marital home. Thereafter, in April, 1981, the father filed suit in the family court seeking "full and proper title" to the property. The mother demurred to the father's petition asserting that the family court had no jurisdiction because of the pending partition suit. The family court overruled the demurrer and concluded it had continuing jurisdiction flowing from the divorce decree.

The father was permitted, without objection, to amend his petition to pray for possession and use of the residence instead

of title to it. The mother then counterclaimed requesting custody of the two children, reasonable support for them, an equitable division of the real and personal property of the marriage, attorney's fees and enforcement of a prior order of support for the minor child in the mother's custody.

The trial court permitted the father to retain custody of the children in his care and awarded him exclusive use of the marital residence until the youngest child reached age eighteen. The mother appeals and urges us to reverse the trial court because it (1) did not have subject-matter jurisidiction to award exclusive use of the marital residence; (2) abused its discretion in not awarding custody of the two children to her; and (3) should not have awarded the father the exclusive use of the marital home as an incident of child support since the pleadings do not request such relief.

I.

We discuss the jurisdiction question and the issue regarding the authority of the trial court to award the father the exclusive use of the marital home, concurrently. The validity of the mother's assertion that the trial court did not have subject-matter jurisdiction to award exclusive use of the marital home to the father necessarily revolves around a determination of whether the amended petition prays for the exclusive use of the residence as an incident of child support rather than as an incident of ownership.

The father's initial petition prays for "full title" to the residence. Clearly, the family court had no jurisdiction to award the father full title to the residence after the wife had filed her partition action in circuit court.[1] *McDonald v. McDonald*, 276 S. C. 573, 281 S. E. (2d) 109 (1981). The father's amended petition is captioned, "A Petition for Modification of Support Order." The petition alleges, *inter alia*, that the possession of the residence is needed for the proper support and maintenance of the minor children. Additionally,

---

[1] The trial court erroneously concluded it had continuing jurisdiction emanating from the divorce decree and subsequent support and custody litigation between the parties. Section 20-7-420 of the Code furnishes the family court jurisdiction over the parties' property only if a party asks the court to dispose of the property. Prior to instilition of the mother's partition action, neither party had requested the family court to dispose of the marital residence.

it alleges that circumstances have changed so as to entitle the father to possession and use of the property. We hold that the obvious intent of the amended petition was to seek the use and possession of the marital residence as an incident of child support.

The family court has continuing jurisdiction to enter orders relating to the support of the children. Section 20-3-160, Code of Laws of South Carolina, 1976; *Porter v. Porter*, 246 S. C. 332, 143 S. E. 619 (1965). A spouse may, under certain circumstances, be granted the exclusive use of the marital home as an incident of support. Section 20-7-420(15), Code of Laws of South Carolina, 1976 (Supp. 1983); *Whitfield v. Hanks*, 278 S. C. 165, 293 S. E. (2d) 314 (1982); *Taylor v. Taylor*, 271 S. C. 488, 248 S. E. (2d) 315 (1978); *Smith v. Smith*, 280 S. C. 257, 312 S. E. (2d) 560 (S. C. App. 1984); *Jones v. Jones*, 281 S. C. 96, 314 S. E. (2d) 33 (S. C. App. 1984).

While the law is settled that a family court may award the exclusive use of the marital home as an incident of support, the question here presented is whether the court may make such an award after an action for partition has been commenced in the circuit court.

Ordinarily, partition is compellable among co-tenants as a matter of right [*See*, Section 15-61-10, Code of Laws of South Carolina, 1976; *Atkinson v. Jackson*, 24 S. C. 594 (1885) ], and is "not suspended by an interest in or a right to use the property." *Hunt v. Meeker County Abstract & Loan Co.*, 128 Minn. 207, 150 N. W. 798 (1915), *reh'g denied*, 130 Minn. 530, 152 N. W. 866 (1915); 68 C.J.S. *Partition* Section 21 (1950). The family court could not therefore issue an order that would thwart the right of the circuit court to partition the residence. A careful reading of the trial judge's order shows he simply awarded the father the use of the residence until an order in partition was entered. His order provided:

> In ruling in this matter, the Court is not unmindful of the unique procedural posture of this case. There remains pending before the Circuit Court an action for partition of the very property at issue in this litigation. While this Court would not presume to dictate to a fellow member of the Judiciary how to rule on that matter, it remains the responsibility of this Court to issue an Order fashioning a

remedy which protects the best interest of the children in this case. Rather than offend my judicial brethren by attempting to mandate any action in the Circuit Court, I instead find that should the Respondent be permitted to proceed in her partition action and receive any financial gain therefrom, she shall be and is required to deposit all value receive therefrom with the Clerk of Court . . .[2]

Although we have determined that the Court had jurisdiction to award exclusive use of the home to the father as an incident of child support, the question remains whether the court abused its discretion in doing so. The legal principles upon which we review the trial court's actions are settled. First, the form and amount of a parent's support obligation is based upon the needs of the child and the ability of the parent to pay. *Graham v. Graham,* 253 S. C. 486, 171 S. E. (2d) 704 (1970). Second, the family court must consider the parent's necessities and living expenses in fixing the amount of support. *Id.* at 491, 171 S. E. (2d) 704.

Additionally, we have held in several recent decisions that the court should exercise caution in awarding one spouse exclusive use of the marital residence as an incident of support to insure that the other spouse is not unreasonably deprived of his interest in the jointly-owned property. *Smith v. Smith, supra; Shealy v. Shealy,* 280 S. C. 494, 313 S. E. (2d) 48 (S. C. App. 1984); *Jones v. Jones supra; Tucker v. Tucker,* 317 S. E. (2d) 764 (S. C. App. 1984). A jointly-owned marital residence is spousal property to which both spouses are entitled upon dissolution of the marriage. While the children of the marriage have an enforceable right to support, they have no legally protectible interest in the marital residence. For these reasons, unless compelling reasons dictate otherwise, the family court should order support in the form of a monetary award.

Our decisions establish several considerations which may be compelling reasons for an award of exclusive possession: (1) the awardee's ability to acquire other suitable shelter for the minor children is in question; (2) the

---

[2] The mother abandoned her exception relative to the requisition to deposit "value" from the partition with the clerk by not arguing the exception in her brief. *State v. Sullivan,* 277 S. C. 35, 282 S. E. (2d) 838 (1981).

occupying spouse has a special need for the house because of a handicap or other infirmity; (3) the non-occupying spouse's equity in the home is relatively small compared to the spouse's other assets or income; (4) the non-occupying spouse's equity will not be tied up for an unreasonable period; and (5) the other support awarded does not adequately provide for the needs of the dependent for whose support exclusive use is awarded. *See Shafer v. Shafer*, 320 S. E. (2d) 730 (S. C. App. 1984).

In this case, the trial court made no finding as to (1) the needs of the two children in the father's custody; (2) the mother's necessities and expenses; or (3) the portion of the children's needs for which the mother should be responsible. Rather, the court's order takes the mother to task for seeking a partition of property which may rightfully be hers. The order is filled with comments to the effect that the father is "seeking to protect his children's home" while the mother wants to "force the sale of her children's home," and "reap a financial harvest from the forced sale of the children's home." The house does not belong to the children.

The issue of exclusive use of the marital residence is remanded to the family court for reconsideration in light of the principles above-mentioned and for appropriate findings of fact in accordance with Family Court Rule 27(C). The mother's partition action may still be pursued in the circuit court.

## II.

As to custody of the children, it is axiomatic that the paramount consideration in determining which parent shall have custody of minor children is the welfare and best interest of the children. *Linder v. Agnew*, 276 S. C. 153, 276 S. E. (2d) 774 (1981); *Lyvers v. Lyvers*, 280 S. C. 361, 312 S. E. (2d) 590 (S. C. App. 1984). The burden of showing changed circumstances was, of course, on the mother. "[A] change in circumstances justifying a change in the custody of a child simply means that sufficient facts have been shown to warrant the conclusion that the best interests of the [children] will be served by the change." *Skinner v. King*, 272 S. C. 520, 252 S. E. (2d) 891 (1979).

The mother contends the trial court should have awarded her custody of the children because the father had a history of epilepsy, psychiatric disorders and attempts at suicide, which resulted in the children's suffering undue psychological harm. The mother's evidence to support these claims consisted of her own testimony and the introduction of medical records which indicated the father had taken a drug overdose in January, 1981.

The father admitted he suffered from epilepsy, had been hospitalized for an accidental drug overdose and was taking medication for both his nerves and epilepsy. He denied any abuse of drugs or suicidal behavior. His testimony was fully supported by his present wife.

The trial judge discredited the testimony of the mother relative to her claim that the father abused drugs and attempted suicide. He found that the best interest of the children would be served by permitting them to remain with the father. We agree. The trial judge was in the best position to assess the veracity of the testimony of the witnesses and we will accord great weight to his findings. *Lyvers v. Lyvers, supra.* While there is evidence of some emotional problems and epilepsy on the part of the father, neither incapacitates him in his role as a father. *Cole v. Cole,* 274 S. C. 449, 265 S. E. (2d) 669 (1980). The evidence shows that the children are happy with the father and his present wife and are well cared for.

We would not, too, that there are several negative features of the mother's circumstances that would militate against granting her custody. She had remarried, but was separated from her second husband at the time of the trial. Her living quarters were inadequate for herself and *all* her children. She also contemplated getting a new job driving a greyhound bus which would frequently require her to be away from her home overnight. Finally, we agree with the trial judge that the mother's request for custody was apparently motivated by and in response to the father's claim for use of the marital home.

We see no reason why custody should not remain with the father. The issues of child support and exclusive use of the

marital home are remanded, however, for the reason given heren.

Affirmed in part and remanded in part.

SHAW and BELL, JJ., concur.