0427

Mamie B. BASS, Respondent, v. James B. BASS, Appellant.

(328 S. E. (2d) 649)

Court of Appeals

*Frank B. Register, Jr., Cooper, Register & Vaughn,* Lexington, *for appellant.*

*James E. Barfield,* Lexington, *for respondent.* .

Heard Jan. 22, 1985.

Decided March 27, 1985.

GARDNER, Justice:

This marriage of thirty-one years was dissolved by divorce which (1) granted the wife a divorce on the grounds of adultery, (2) awarded the wife $350 biweekly alimony, (3) equitably divided the marital estate consisting mainly of the marital home and provided that the husband's interest of $16,096.66 be paid $185 per month together with interest at the rate of 10 percent per annum and (4) awarded the wife attorney fees to be set at a later date. We affirm in part, reverse in part and remand.

At issue on appeal are whether the trial judge erred by (1) awarding the wife $350 biweekly alimony, (2) the method employed in making equitable division of the marital estate and the matter of payment thereof and (3) finding that the wife was entitled to attorney fees, the amount of which would be established at a later date.

## I.

The husband asserts error in the amount of the alimony awarded. The appealed order recited the factors to be considered by a trial judge in determining alimony as set forth in the case of *Lide v. Lide*, 277 S. C. 155, 283 S. E. (2d) 832 (1981), and awarded the wife $350 biweekly. The record reflects that at the time of the divorce, the wife's annual income was $7,069.23; the husband's was $29,734. This was a marriage of thiry-one years, which resulted in the birth of five children. During this period the wife was both a homemaker and a wage earner and from the record appears to have been a model wife. The marriage was terminated because of the adulterous conduct of the husband.

The determination of entitlement to alimony and the amount awarded are matters which rest within the sound discretion of the trial judge and will not be disturbed on appeal absent abuse of that discretion. *See Kane v. Kane*, 280 S. C. 479, 313 S. E. (2d) 327 (S. C. App. 1984). In the case before us we find no abuse of discretion and affirm the alimony award. Furthermore, we hold that the record before us supports both the award of and the amount of alimony provided by the appealed order.

## II.

The husband next asserts error in the equitable division of the marital estate and the manner of payment of the husband's interest therein.

The marital estate involved in this appeal consists of four cemetery lots and the marital home. The appealed decree evaluated the cemetery lots at $1,440 and the equity in the marital home at $38,979. The trial judge first found that the marital estate should be equally divided after allowing certain credits to the wife. He ordered that the husband retain the cemetery lots and that he convey to the wife his half interest in the home.

The appealed order then directed that the wife pay the husband $16,096.66 by paying him $185 per month, this to include principal and interest at 10 percent per annum. The decree provided that payments begin about two and one-half years later when the wife finished paying the second mortgage on the home.

The figure of $16,096.66 was computed thusly: from the husband's half interest in the equity of the marital home of $19,489.50, there was deducted (1) $720 for the wife's interest in the cemetery lots, (2) $500 for half of the cost paid by the wife for water damages to the home that occurred after separation, and (3) $2,172.84 for debts incurred by the wife during the separation period before the divorce decree.

The husband first contends the $2,172.84 debt deduction was error. We disagree and reject this argument.

In making equitable distribution of marital assets, it is proper to consider the debts of the parties. *See Hussey v. Hussey*, 280 S. C. 418, 312 S. E. (2d) 267 (S. C. App. 1984).

The husband next argues that the trial judge erred by awarding him the cemetery lots and allowing his wife a credit for one-half their value. Broad jurisdiction is granted family court judges in matters of equitable distribution by Section 20-7-420, Code of Laws of South Carolina (1976), and trial judges may employ any reasonable means to effectuate an equitable division of the marital estate. *See Jones v. Jones*, 281 S. C. 96, 314 S. E. (2d) 33 (S. C. App. 1984). We therefore reject this argument.

Next the husband asserts error in the manner in which he is to be paid. The effect of the order is to give exclusive possession of the house to the wife and to delay more than fifteen years full payment to the husband for his interest in the marital estate.

A somewhat similar situation is presented when a spouse is awarded exclusive use of a marital residence as an incident of support. Our courts hold that this should not be done without announcing in the decree some special circumstances or compelling reason for the award. *See Shafer v. Shafer*, 320 S. E. (2d) 730 (S. C. App. 1984).

Family court judges are encouraged to make final disposition of property interests where possible; failing in this, the trial courts must state compelling reasons for leaving loose ends. *See Shealy v. Shealy*, 280 S. C. 494, 313 S. E. (2d) 48 (S. C. App. 1984).

In the instant case, the learned trial judge might have had in mind compelling reasons for providing payment of the husband's equitable interest in the manner that he did. If so, they should have been fully set forth in the

appealed order. Whatever these reasons may be, if they exist, they must be weighted against the cost, inconvenience and other hardships that the husband might experience by being unable to realize his equity in the marital state by a sale or other manner of immediate payment. *See Shealy v. Shealy, supra,* and *Smith v. Smith,* 280 S. C. 257, 312 S. C. (2d) 560 (S. C. App. 1984).

For the above reasons, the appealed order is reversed insofar as the manner by which it is provided that the husband be paid for his equitable interest in the marital estate. We remand for determination of whether there are compelling reasons to delay the payment to the husband. If there are none, we direct that the trial judge order the wife to forthwith pay the husband the $16,096.66 with interest from the date of the appealed order. In the event she is unable to do so, we direct that the trial judge order that the house be sold within a reasonable period of time so as to obtain the best price reasonably possible.

### III.

The husband next asserts error in the appealed order's finding that the wife is entitled to attorney fees but reserves the decision on the amount for a later date. Since this case is remanded and the trial judge will have an opportunity to set the amount of the attorney fees, we pass over this issue.

For the reasons given, the case is affirmed in part, reversed in part and remanded for the purposes above set forth.

Affirmed in part, reversed in part and remanded.

SANDERS, C. J., and BELL, J., concur.