0827

Andrew BARRETT, Respondent v. Melissa Jane BARRETT, Appellant.

(351 S. E. (2d) 177)

Court of Appeals

*James B. Richardson, Jr.,* Columbia, *for appellant.*

*Robert E. Johnson* and *Robert L. Buchanan,* both of *Johnson, Buchanan & Harte,* Aiken, *for respondent.*

Heard Oct. 20, 1986.

Decided Dec. 8, 1986.

SHAW, Judge:

Respondent-husband, Andrew Barrett, brought this action for separate support and maintenance seeking an equitable division of the marital estate. Appellant-wife, Melissa Jane Barrett, answered and also counterclaimed for an equitable division. The wife now appeals the family court's equitable distribution award.[1] We affirm.

While this court, on appeal from the family court, ■ may find facts in accordance with its own view of the preponderance of the evidence, family court judges have great discretion in equitably distributing marital property. *Bass v. Bass*, 285 S. C. 178, 328 S. E. (2d) 649 (Ct. App. 1985). A family court judge may use any reasonable means to reach an equitable division. *Bass*, 328 S. E. (2d) at 651.

These parties were married in June of 1980. Prior to the marriage, the wife had bought a 2.78 acre tract of land. At the time of the marriage, two years remained on the five-year mortgage for the land. The wife concedes in her brief the last twenty-four payments of $96.56 each were made with marital funds to which both parties contributed. The parties purchased a mobile home and placed it on the 2.78 acre tract. The husband contributed $14,000.00 toward the down payment on the home while the wife contributed $4,000.00. However, the family court found, overall, the wife's gross contributions to the family exceeded the husband's by $9,500.00.

The family court judge found the land and mobile home to be marital property and awarded the wife a fifty-five percent equitable interest in the marital estate. He awarded the husband a forty-five percent interest.

The wife argues the family court erred in determining the 2.78 acre tract of land is marital property. She cites *Hussey v. Hussey*, 280 S. C. 418, 312 S. E. (2d) 267 (Ct. App. 1984), apparently for the proposition any property brought into a marriage cannot be considered marital property. The wife points out she had paid sixty percent of the purchase price before the marriage and did not intend for the tract to become marital property.

---

[1] Counsel notified this court at oral argument the parties have obtained a divorce during the pendency of this appeal. Thus, the other issues originally raised on appeal are now moot.

However, *Hussey* also notes "marital property is that ... which arises from *or to some extent is augmented by the efforts of the marital parties.*" 312 S. E. (2d) at 270 (emphasis added). The wife concedes the husband contributed to two of the five years of payments. In addition, the wife ignores the fact the mobile home was placed on the land and served as the marital residence. Thus, the parties used both in support of the marriage. Based on this evidence, we hold the family court did not abuse its discretion.

The wife further argues the family court erred in failing to assign a specific monetary value to the mobile home. We hold any error thus committed is harmless since the court ordered a percentage division of all the marital property. Thus, the wife's proportionate share is fixed, regardless of the property's specific value.

The wife also complains the family court erred because it awarded her an insufficient percentage of the marital estate. Based on the wide discretion afforded the family court on this matter and the family court's findings relating to the parties' respective contributions, we hold the division is reasonable.

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.