**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Hollee Loyd Gay, Respondent,

v.

Stephen Michael Gay, Appellant.

Appellate Case No. 2016-001679

———————

Appeal From Lancaster County
Coreen B. Khoury, Family Court Judge

———————

Unpublished Opinion No. 2019-UP-041
Submitted June 1, 2018 – Filed January 23, 2019

———————

**AFFIRMED AS MODIFIED**

———————

Thomas Franklin McDow, IV and Erin K. Urquhart, both
of McDow and Urquhart, LLC, of Rock Hill, for
Appellant.

Mitchell A. Norrell and Mandy Powers Norrell, both of
Norrell & Powers Norrell, LLC, of Lancaster, for
Respondent.

———————

**KONDUROS, J.:** Stephen Michael Gay (Husband) appeals the family court's order arguing the family court erred by (1) mandating his alimony payment be deducted monthly from the value of his interest in the marital home, (2) requiring

him to pay Hollee Loyd Gay (Wife) $447 every two weeks for child support, (3) ordering the parties to split their 2015 income tax refund, and (4) failing to consider the tax consequences of its award of tax exemptions. We affirm as modified.

## FACTS/PROCEDURAL BACKGROUND

Husband and Wife married on March 18, 2006. They had two children born in 2007 and 2011, respectively. The parties separated on or about March 16, 2014, and the children resided with Wife from that time until the time of the final hearing. Wife filed her complaint for divorce in June of 2014 alleging Husband had committed adultery and abused alcohol and prescription medications.

Following a hearing, the family court granted the divorce on the grounds of one year's continuous separation. The family court awarded joint custody with Wife named primary custodian. Husband was allowed visitation and parenting time with the children upon his completion of a South Carolina Department of Social Services (DSS) Safety and Treatment Plan.

The family court found Husband had a gross monthly income of $3,248 and paid $295 in insurance premiums for the children per month. The family court further found Wife had no income due to her medical conditions[1] and paid $75 per month for child care. The family court ordered Husband to pay $447 every two weeks in child support.

The family court determined the marital home should be equally apportioned between the parties. The family court further found the home had a value of $50,000—it was a modular home placed on land owned by Wife's family. The home was in disrepair, and the only evidence presented regarding its current value in "as is" condition was that the home was worth $50,000. Wife and the children had been residing in the home since the parties separated, and Wife testified she and the children had nowhere else to live. The family court also determined Wife was entitled to $500 per month in alimony and ordered the alimony be deducted monthly from Husband's half-interest in the marital home. Any alimony obligation would cease upon Wife's remarriage or death. If Wife sold the home prior to the extinguishment of Husband's interest in it, Husband would immediately be entitled to any remaining equity. Once the value of Husband's interest in the marital home

---

[1] Wife suffers from lupus, osteoarthritis, chronic obstructive pulmonary disease (COPD), diabetes, fibromyalgia, chronic lower back pain, and chronic fatigue.

was exhausted, he would be required to make monthly cash alimony payments to Wife.

The family court ordered the parties to file their 2015 state and federal income taxes jointly and equally divide any refund. Going forward, the parties were to claim one child each as a dependent for tax purposes. Husband filed the tax return and retained the entire refund of over $5,000. This appeal followed.

## STANDARD OF REVIEW

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414-15, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). "Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony." *Sanders v. Sanders*, 396 S.C. 410, 415, 722 S.E.2d 15, 17 (Ct. App. 2011). "The burden is upon the appellant to convince this court the family court erred in its findings." *Id*.

## LAW/ANALYSIS

### I. Equitable Division/Alimony

Husband maintains the family court erred in requiring his permanent, periodic alimony obligation to be met by a monthly reduction in his interest in the marital home. We disagree.

Husband argues the family court may not "unconditionally order the transfer of property as alimony or in lieu thereof." *See Poniatowski v. Poniatowski*, 275 S.C. 11, 12, 266 S.E.2d 787, 788 (1980) ("It is well settled a court may not unconditionally order the transfer of property as alimony or in lieu thereof."). However, the family court did not make an unconditional transfer of property in lieu of alimony. Rather, it equitably divided the marital estate and permitted Wife to satisfy Husband's equitable share by foregoing an affirmative cash alimony payment for a period of time. The family court is allowed broad discretion in determining how to effect equitable distribution. *See Bass v. Bass*, 285 S.C. 178, 182, 328 S.E.2d 649, 651 (Ct. App. 1985) (finding trial judges may employ any reasonable means to effectuate an equitable division of the marital estate); *see also Widman v. Widman*, 348 S.C. 97, 112, 557 S.E.2d 693, 701 (Ct. App. 2001) ("The

trial court has wide discretion in determining how to distribute marital property and it may use any reasonable means to divide the property equitably.").

In *Bass*, the family court awarded Wife permanent, periodic alimony and awarded Husband a 50% interest in the marital home. *Id*. at 180-81, 328 S.E.2d 650-51. Wife was given title to the marital home and directed to make monthly payments of $185 to Husband which would result in Husband not receiving his full equity in the property for more than fifteen years. *Id*. at 181, 328 S.E.2d at 651. This court noted family courts are encouraged to make final disposition of property interest when possible. *Id*. at 182, 328 S.E.2d at 652. Deviations from that directive "must be weighed against the cost, inconvenience[,] and other hardships that the [complaining spouse] might experience by being unable to realize [the] equity in the marital estate by a sale or other manner of immediate payment." *Id*. at 183, 328 S.E.2d at 652. The *Bass* court reversed and remanded for the family court to identify factors supporting Wife's possession of the marital home and the delay in Husband's receipt of his equity. *Id*.

The present case presents a similar factual scenario with the exception that instead of Wife making an affirmative monthly payment to Husband, Husband retains his otherwise required alimony payments until the value of his interest in the marital home is satisfied. The record reveals multiple factors that support the family court's decision including the following: (1) the marital home was in poor condition; (2) Wife suffers from myriad health issues; (3) the parties' minor children reside in Wife's custody in the home; (4) the home is located near Wife's relatives; and (5) Husband had failed to timely make court-ordered payments under the temporary order. These factors support a deviation from the directive regarding final dispositions of property when weighed against the hardship and inconvenience experienced by Husband, and we affirm.[2]

## II.    Child Support

Husband also contends the family court erred in calculating child support. Husband argues the family court deviated from the Child Support Guidelines (the

---

[2] We acknowledge the family court did not specifically list these factors as the bases for its decision. However, when the record is sufficient to permit adequate review, this court, in lieu of remand, may review the issue. *See Strout v. Strout*, 284 S.C. 429, 431, 327 S.E.2d 74, 75 (1985) (holding "[a] remand of this case might be justified because of the judge's failure to make full findings, however, in lieu of remand, this court will undertake to settle the dispute").

Guidelines) in requiring him to pay $447 every two weeks in child support. According to Husband, adherence to the Guidelines should result in an obligation of $164 per week. We disagree in part.

"Generally, the family court is required to follow the Guidelines in determining the amount of child support. Although the Guidelines govern all actions involving child support, the family court retains discretion when making the final award." *Bennett v. Rector*, 389 S.C. 274, 281, 697 S.E.2d 715, 719 (Ct. App. 2010). In applying the Guidelines, "[g]ross income includes income from any source including . . . alimony." *Id.* (quoting S.C. Code Ann. Regs. 114-4720(A)(2) (Supp. 2009)).

Husband's argument hinges upon the amount of income Wife receives. As previously discussed, the family court ordered Husband's alimony obligation be satisfied by a monthly deduction of his half-interest in the marital home. The family court did not include the deduction as income to Wife in its calculation although alimony is traditionally considered income to the receiving spouse. As a practical matter, if Husband paid Wife $500 in alimony each month, that income would become a debit to Wife as she would owe it back to Husband as payment for his equitable interest in the home. Therefore, until Husband's $25,000 equitable half-interest is exhausted, the ultimate income result to Wife is a nullity. Once Husband's interest in the home is satisfied and he begins making a monthly alimony payment to Wife, the payment must be included as income and Husband's child support obligation should be adjusted to reflect that change. Therefore, the family court's ruling on this issue is affirmed as modified.[3]

## III. Tax Refund

Next, Husband argues the family court erred in ordering the parties to file a joint 2015 tax return and evenly split any refund. He maintains any income he earned after June 18, 2014, the date of Wife's filing, was nonmarital property. Therefore, any refund associated with income earned after that date was not subject to equitable division. We agree.

"The term 'marital property' as used in this article means all real and personal property which has been acquired by the parties during the marriage and which is owned as of the date of filing or commencement of marital litigation . . . ." S.C.

---

[3] We make no determination regarding any tax implications of this ruling as that matter was not raised by either party.

Code Ann. § 20-3-630(A) (2014). "The court does not have jurisdiction or authority to apportion nonmarital property." S.C. Code Ann. § 20-3-630(B) (2014). "An income tax refund is nothing more than a return of income." *Phillips v. Phillips*, 290 S.C. 455, 458, 351 S.E.2d 178, 180 (Ct. App. 1986).

The family court ordered the parties to file a joint 2015 tax return and split any refund. However, only the portion of the refund earned prior to the commencement of marital litigation—approximately six-months of income—was marital property. Therefore, Wife is entitled to half of the refund that was marital property or one fourth of the entire refund. The record shows the amount of the refund was $5,075. Therefore, Wife's share of the refund is equal to $1,268.75, and we so modify the family court's order.

## IV. Tax Exemption

Last, Husband maintains the family court failed to consider the tax consequences when determining each parent could claim one child as a dependent. We disagree.

While not determinative, custody is a factor in determining which parent will be permitted to claim a child as a tax exemption. *See Hudson v. Hudson*, 340 S.C. 198, 203-05, 530 S.E.2d 400, 402-04 (Ct. App. 2000) (noting that while the federal tax code does not dictate the court's authority to award a tax exemption, it generally provides the custodial parent is the party entitled to take it). While the family court is to consider the tax consequences to the parties, the split of the two exemptions here, even though Wife has custody of both children, reflects the family court *did* consider that awarding the exemptions for both children to Wife in the present circumstances would not produce the greatest financial benefit to the parties. Therefore, we are not persuaded the family court failed to consider the tax consequences to the parties or erred in its determination of this issue, and we affirm.

Based on all of the foregoing, the order of the family court is

**AFFIRMED AS MODIFIED.**[4]

**LOCKEMY, C.J., concurs.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, J., dissenting.**

**WILLIAMS, J.:** I respectfully dissent and I would reverse the family court's decisions.

First, as to the alimony, I would find the family court erred in requiring Husband's periodic alimony obligation to be met by a monthly reduction in his interest in the marital home. In its equitable distribution, the family court awarded Wife exclusive possession of the marital home and awarded Husband a one-half share of the marital home in the amount of $25,000. The family court also awarded Wife $500 per month in permanent, periodic alimony. However, the family court ordered Wife's $500 monthly alimony award be deducted from Husband's $25,000 equitable share in the marital home each month until Husband's equitable share was reduced to zero.

I would find the family court erred in unconditionally ordering the transfer of Husband's interest in the marital home to satisfy his alimony obligation without providing Husband any option to satisfy the alimony obligation directly. "It is well settled a court may not unconditionally order the transfer of property as alimony or in lieu thereof." *Poniatowski v. Poniatowski*, 275 S.C. 11, 12, 266 S.E.2d 787, 788 (1980). In *Poniatowski*, our supreme court approved the family court's decision to award a wife all of her husband's interest in a bookstore "as division of property in lieu of alimony." *Id.* The court in that case found that the proposed property division "would make payment of alimony unnecessary and perhaps unduly difficult." *Id.* Therefore, the court concluded the family court did not intend for the transfer of the bookstore interest to take the place of alimony. *Id.*

Conversely, in this case, the family court's order is clear that the transfer of Husband's interest in the marital home is his alimony payment. The family court unconditionally ordered the transfer of Husband's interest in the marital home to satisfy his alimony obligation without providing Husband any option to satisfy the alimony obligation directly. Because his alimony payment can only be satisfied through a transfer of his equitable interest in the marital home, Husband loses his $25,000 "in-kind" equitable share in the marital home that he is entitled to receive under the family court's order. *See Thompson v. Brunson*, 283 S.C. 221, 226, 321 S.E.2d 622, 625 (Ct. App. 1984) ("A jointly-owned marital residence is spousal property to which both spouses are entitled upon dissolution of the marriage."); *Wooten v. Wooten*, 354 S.C. 532, 542, 615 S.E.2d 98, 103 (2005) ("[T]he [family] court should first try to make an "in-kind" distribution of the marital assets").

Upon its de novo review, the majority here cites several factors it believes "support a deviation from the directive regarding final dispositions of property" in the equitable distribution.  However, the family court's order contained no specific finding as to why it required a deduction in Husband's interest in the marital home to satisfy Wife's alimony award.  *See Bass v. Bass*, 285 S.C. 178, 182, 328 S.E.2d 649, 652 (Ct. App. 1985) ("Family court[s] . . . are encouraged to make final disposition of property interests whe[n] possible; failing in this, the [family] courts must state compelling reasons for leaving loose ends.").  The majority references Husband's failure to timely pay his court-ordered $500 monthly child support payments under the August 2014 temporary order.  However, the record shows Husband was in arrears for $920 at the time of the final merits hearing in February 2016.  This amount is less than two months of Husband's required child support payments.  I do not believe this amount justifies depriving Husband of his share in the equitable distribution of the parties' only significant asset.  *See Thompson*, 283 S.C. at 226, 321 S.E.2d at 625 ("A jointly-owned marital residence is spousal property to which both spouses are entitled upon dissolution of the marriage."); *Shealy v. Shealy*, 280 S.C. 494, 498 n.1, 313 S.E.2d 48, 50 n.1 (Ct. App. 1984) ("Family Court[s] . . . are encouraged to make final dispositions of property interests whe[n] possible or, in the alternative, cite compelling reasons for awarding fractional or joint interests."); *Johnson v. Johnson*, 285 S.C. 308, 312, 329 S.E.2d 443, 445–46 (Ct. App. 1985) (recognizing the burden on the non-occupying spouse in not being able to immediately realize the value of his share of the marital home).

Second, as to the two tax exemptions, I would find the family court erred in awarding one dependency exemption to Wife and one dependency exemption to Husband.  The family court found Wife had no income due to her medical conditions; therefore, the dependency exemption has no benefit to her.  Husband provided evidence the benefit to him for each exemption is $155 each month or $1,860 each year.  I would reverse the family court's order and award Husband both exemptions.

Finally, reversing the family court's decision as to the alimony payments and tax exemptions necessarily impacts the family court's child support findings and the parties' tax consequences.  Therefore, I would remand this case for the family court to revisit the remaining issues in light of the change in alimony.  For the foregoing reasons, I respectfully dissent and I would reverse the family court.