16902

LEONARD v. TALBERT *ET AL.*

(83 S. E. (2d) 201)

*Wm. Pope Cook, Esq.,* of Columbia, *for Appellant,*

*Messrs. Frank A. Graham, Jr.,* of Columbia, and *Sinkler, Gibbs & Simons,* of Charleston, *for Respondents,*

Aug. 9, 1954.

STUKES, Justice.

This action is for a declaratory judgment upon the validity of general obligation bonds of Richland County which are proposed to be issued pursuant to Act. No. 359 of the General Assembly of 1953, 48 Stat. 475, which is entitled, "An act to promote a system of physical education for the public school system of Richland County, to create a Physical Education Commission for such purpose, to prescribe the functions and powers of the said commission to make provision for the issuance both of general obligation bonds of Richland County and revenue bonds of said county for said purpose, to prescribe the conditions under which such bonds may be issued, the purposes for which the proceeds may be expended, and to provide for the payment thereof."

Section 1 of the act contains legislative findings, the most important of which follow:

"That while physical education equipment and facilities exist in most of the public schools of Richland County, a need exists for one or more large outdoor areas wherein could be located, operated and maintained lakes or swimming pools, tennis courts, basketball courts, baseball diamonds, football fields and other facilities, whose use, under proper supervision, would promote the health and physical well being of the school children of the County, particularly during the summer vacations, and would also benefit other members of the public who could make use of the same."

The pertinent portion of section 6 of Article X of the Constitution of 1895 provides:

" *  *  * The General Assembly shall not have power to authorize any county * * * to levy a tax or issue bonds for any purpose except for educational purposes, to build and repair public roads, buildings and bridges, to maintain and support prisoners, pay jurors, county officers, and for litigation, quarantine and court expenses, and for ordinary county purposes, to support paupers, and pay past indebtedness".

However public the purpose, county taxes may not be levied or county bonds issued for an undertaking which does not come within the purposes set forth in the quoted provision of the constitution. *Gentry v. Taylor*, 192 S. C. 145, 5 S. E. (2d) 857. *Benjamin v. Housing Authority*, 198 S. C. 79, 15 S. E. (2d) 737. *Doran v. Robertson*, 203 S. C. 434, 27 S. E. (2d) 714. *Parrott v. Gourdin*, 205 S. C. 364, 32 S. E. (2d) 14. *Cf. Marshall v. Rose*, 213 S. C. 428, 49 S. E. (2d) 720, and *Evatte v. Cass*, 217 S. C. 62, 59 S. E. (2d) 638, which were concerned with bonds of municipalities.

The lower court upheld the constitutionality of the act and of the projected bond issue upon the conclusion that they are for an educational purpose and also an ordinary county purpose. We think that both grounds are untenable, the latter manifestly so. See *Gentry v. Taylor, supra,* and the approved definitions of "ordinary" which are quoted in the opinion from 46 C. J. 1132, 67 C. J. S., Ordinary.

Likewise as to the other ground the appeal from the judgment must be sustained because we think the purpose is plainly recreational rather than educational and could not have been within the intent of the framers of the constitution when they used the term "educational". The usual meaning of it contemplates training of the mind (Webster, 2nd Ed., Unabridged, 1939, p. 818) and we think that it would be an unwarranted enlargement of the meaning to hold that within

it come the recreational facilities which the act purports to provide for public use and during school vacation periods. The concluding phrases of the legislative findings quoted above, make the last observation clear, "whose [the facilities] use, under proper supervision, would promote the health and physical well being of the school children of the County, particularly during the summer vacations, and [the facilities] would also benefit other members of the public who could make use of the same." We do not think that this can be reasonably related to the "educational purposes" in the minds of the writers of the Constitution of 1895, which governs.

Respondents cite *Powell v. Thomas,* 214 S. C. 376, 52 S. E. (2d) 782, 786, which upheld, as a constitutional county purpose, a " 'Cattle Barn and Show Ring' ", of comparatively small cost. We relied upon the representation of the County Board that the exhibition of milk cattle was highly informative and educational to the many citizens of the county who are engaged in that occupation, and furnishes an incentive to the breeding of better cattle. We said: "We think it may be reasonably inferred that the proposed undertaking is of an educational nature designed to disseminate among farmers, for practical purposes, scientific knowledge for the improvement of the cattle and milk business. Courses of study in agriculture are being taught in many of the public schools and colleges of this State and such courses are recognized as an important part of the curriculum. * * * We confess that we have reached the conclusion that the construction of this cattle barn and show ring will subserve an educational purpose within the contemplation of Article 10, Section 6 of the Constitution, with some degree of hesitation, but we are not prepared to say that the unconstitutionality of this feature of the Act manifestly appears beyond a reasonable doubt. It will be presumed that the General Assembly had in mind a constitutional purpose rather than an unconstitutional one." On the other hand, in this same case it was held that the construction of a "War Memorial Building" was not a constitutional county purpose.

The " 'Cattle Barn and Show Ring' " feature of the case just cited and this case are not analogous, and the former is not a precedent for the latter. Affirmance here would, we think, conflict with the principles of the decisions first hereinabove cited; and we conclude that the proposed issue of county bonds, and *ad valorem* taxes for the payment thereof, would be, without doubt, in violation of the constitution and, therefore, invalid. The following pertinent quotation is from the well-considered opinion in *Gentry v. Taylor, supra,* 192 S. C. at page 150, 5 S. E. (2d) at page 859: "We may here add that if the provisions of the Constitution are not broad enough or sufficiently elastic to meet the needs or requirements of present-day life, that instrument itself provides how this may be done, if the people so will." (By amendment, we add.)

Reversed.

TAYLOR, OXNER and LEGGE, JJ., and E. H. HENDERSON, Acting Associate Justice, concur.