18318

Fred BRATCHER, S. S. Smith, E. E. Cowan, W. M. Tripp, J. W. Cowan, P. L. Black, on behalf of themselves as freeholders and taxpayers in the County of Anderson, State of Sonth Carolina, and on behalf of all other persons in the County of Anderson similarly situated, Appellants, v. John T. ASHLEY et al., constituting the Board of Commissioners and the governing body of Anderson County, J. H. Saylors, et al., constituting the members of the Anderson Water Authority, Respondents.

(141 S. E. (2d) 109)

422

*Justin A. Bridges, Esq.,* of Laurens, *for Appellants,* ▮

*Messrs. G. Ross Anderson, Jr.,* and *E. Harry Agnew,* of Anderson, *for Respondents,*

March 8, 1965.

TAYLOR, Chief Justice.

By this action plaintiffs challenge the constitutionality of Act No. 1141 of 1964, 53 Stat. at L., p. 2550, which authorizes the County of Anderson to borrow from the State Sinking Fund $225,000.00 "for county purposes". In order to secure the repayment of that sum, "the full faith, credit and taxing power of Anderson County are irrevocably pledged". The Act also provides that "The Auditor of Anderson County is directed to levy, and the Treasurer of Anderson County to collect, an annual tax upon all of the taxable property of the county sufficient to retire the loan and interest due thereon."

A temporary injunction was issued by the Circuit Court on February 28, 1964. After the hearing on its merits an Order, dated April 16, 1964, was filed upholding the constitutionality of the Act and dissolving the temporary injunction.

It is stipulated that the sum to be borrowed by Anderson County is to turned over to the Anderson Water Authority to help pay the cost of construction of the Starr-Iva water line. The total cost of such line is $705,000.00 to be obtained as follows: from the Federal Government, $280,000.00, from the Town of Iva, $200,000.00; and the $225,000.00 under question in this appeal.

Cities and towns are specifically authorized by Article VIII, Section 5 of the Constitution to construct or purchase and operate waterworks systems provided a majority of the electors therein approve. Although this section "does not affect in any way the power of the Legislature to confer similar rights upon counties," *Park v. Greenwood County*, 174 S. C. 35, 176 S. E. 870, no rights are given to counties therein.

Plaintiffs, who are freeholders and taxpayers of the county contend that the Act violates Article X, Section 6 of the State Constitution of 1895, which provides:

"* * * The General Assembly shall not have the power to authorize any county or township to levy a tax or issue bonds for any purpose except for educational purposes, to build and repair public roads, buildings and bridges, to maintain and support prisoners, pay jurors, County officers, and for litigation, quarantine and court expenses and for ordinary County purposes, to support paupers, and pay past indebtedness."

"However public the purpose, county taxes may not be levied or county bonds issued for an undertaking which does not come within the purposes set forth in the quoted provision of the constitution. *Gentry v. Taylor,* 192 S. C. 145, 5 S. E. (2d) 857. *Benjamin v. Housing Authority,* 198 S. C. 79, 15 S. E. (2d) 737. *Doran v. Robertson,* 203 S. C. 434, 27 S. E. (2d) 714. *Parrott v. Gourdin,* 205 S. C. 364, 32 S. E. (2d) 14." *Leonard v. Talbert, et al.,* 225 S. C. 561, 83 S. E. (2d) 201.

There was testimony on behalf of respondents that no additional tax levy would be necessary to repay the State Sinking Fund. The lower court relying on this testimony and the case of *Park v. Greenwood County,* 174 S. C. 35, 176 S. E. 870, held that the debt was not a debt of the State or its political subdivision as the water line project was self-liquidating.

In the *Park* case the only reference made to Article X, Section 6 of the Constitution was whether the revenue bonds sought to be issued would constitute a debt within the constitutional limitation. It was pointed out that the bonds did not carry the general credit of the borrower, and that under no circumstances could the county, the borrower in that case, be made to answer for such obligations.

That is not the case here as the Act specifically pledges the full faith, credit and taxing power of Anderson County to secure the repayment of the loan.

Respondents urge that the construction of the water line in question be considered an "ordinary county purpose", and concede that otherwise Anderson County would not be authorized under Article X, Section 6 of the Constitution to "levy a tax" as such construction is clearly not for any of the other stated purposes authorized by this provision.

In *Doran, et al. v. Robertson, et al.,* 203 S. C. 434, 27 S. E. (2d) 714, this Court held that a sewerage system in a section of Charleston County does not come within the term "ordinary county purposes" as used in the constitutional provision, stating that "no argument need be advanced to maintain the assertion that certainly when the Constitution was written and adopted in 1895, sewerage systems were unknown in rural communities and could not have been in contemplation of the framers when they used the words 'ordinary' and 'corporate' in describing county purposes for which taxes may be levied and bonds may be issued".

We are of the opinion that the proposed construction of the Starr-Iva water line is not for an ordinary county purpose within the contemplation of Article X, Section 6 of the Constitution; that the general credit of Anderson County is irrevocably pledged by Act 1141, 53 Stat. at L. 2550, to repay the loan from the State Sinking Fund, thereby constituting a debt of the county in violation of Article X, Section 6 of the South Carolina Constitution.

We are, of course, mindful of the demands for increasing amounts of pure water but, as previously pointed out by this Court, if the provisions of the Constitution are not broad enough or sufficiently elastic to meet the needs or requirements of present day life, that instrument itself provides how this may be done "by amendment" if the people so will.

Plaintiffs set forth in their complaint facts which they considered sufficient to warrant the Court's ordering a reasonable sum as fees "from the fund" in

question being paid their attorneys. This question was not passed upon by the Court of Common Pleas. We are of the opinion, therefore, that the question of whether plaintiffs are entitled to attorneys' fees and if so, how much, should be referred to the Court of Common Pleas for Anderson County; and it is so ordered.

Moss, Lewis, Bussey and Brailsford, JJ., concur.