0616

Ruby Kathryn GAY, Respondent v. Ernest E. GAY, as Administrator of the
Estate of Waver J. Gay, Sr.,[1] Appellant.

(339 S. E. (2d) 532)

Court of Appeals

*Feldman & Feldman*, Charleston, *for appellant.*

*Susan King Dunn*, Charleston, *for respondent.*

Heard Nov. 13, 1985.

Decided Jan. 22, 1986.

SHAW, Judge:

Appellant-husband Waver J. Gay, Sr. appeals a family court decree granting respondent-wife Ruby Kathryn Gay a divorce on the ground of habitual drunkenness. He alleges that trial judge erred in distributing the marital property, in qualifying an expert to value specific personal property, and in awarding the wife attorney's fees.[2] We disagree and affirm.

In appeals from family courts this court has jurisdiction to find the facts in accordance with its own view of the preponderance of the evidence. *Hendricks v. Hendricks*, 285 S. C. 591, 330 S. E. (2d) 553 (Ct. App. 1985).

The parties married September 7, 1941. Their five children are all emancipated. Both parties worked throughout most of the marriage. The wife was unemployed for a number of years due to pregnancies, but worked continually for the last 29 years of the marriage. The husband was employed until 1971 when he retired for disability reasons relating to a nervous breakdown. The husband has since undergone hospitalizations for alcohol problems. In 1982, the wife petitioned for a divorce on the ground of habitual drunkenness. The divorce was granted and this appeal ensued.

I.

S. C. Code Ann. § 20-7-420 (1976) gives broad jurisdiction to family court judges in the equitable distribution of marital property. The trial judge may use any reasonable means to divide the estate equitably. *Bass v. Bass*, 285 S. C. 178, 328 S. E. (2d) 649 (Ct. App. 1985). The court's judgment will not be disturbed absent an abuse of discretion. *LaFitte v. LaFitte*, 280 S. C. 473, 313 S. E. (2d) 41 (Ct. App. 1984). The factors a judge shall consider are "the relative incomes of the parties, their material contributions and debts, and the facts and circumstances of the particular case." *Stearns v. Stearns*, 284 S. C. 459, 327 S. E. (2d) 343, 344

[2] The husband originally appealed the court's decision denying his claim for alimony. However, he abandoned this claim at oral arguments and, therefore, we do not address this issue.

(1985). See also *Shaluly v. Shaluly*, 284 S. C. 71, 325 S. E. (2d) 66 (1985).

The trial judge awarded the wife 62% of the marital property and the husband 38%. The judge detailed the reasons he deemed this equitable: the wife's sole source of support, her income, is dependent on her ability to work while the husband's income, disability benefits, is guaranteed; the wife's financial contributions greatly exceeded the husband's in the last years of the marriage; the burden of maintaining the family assets often fell solely on the wife due to the husband's alcohol problem; and finally the wife is responsible for the majority of the family debts. Based on these findings we hold the judge properly exercised his discretion.

## II.

The husband alleges the court erred in qualifying an expert to value personal property who the husband claims lacks the requisite experience or training to make such an evaluation. Whether a witness is qualified as an expert and the admissibility of his testimony is within the trial judge's discretion. *South Carolina Department of Social Services v. Bacot*, 280 S. C. 485, 313 S. E. (2d) 45 (1984). We find no abuse of this discretion by the trial judge. Even if the judge had abused his discretion, the husband's appeal is meritless. The expert valued the property at $10,000.00-$15,000.00. The husband valued the property at $12,000.00 which is within the expert's range and exactly the value claimed by the husband.

## III.

The award of attorney's fees is also within the sound discretion of the trial judge and will not be interfered with unless the judge abuses his discretion. *Tucker v. Tucker*, 282 S. C. 261, 317 S. E. (2d) 764 (Ct. App. 1984). Factors to be considered include "the nature, extent and difficulty of the services rendered; the time necessarily devoted to the case; the professional standing of counsel; the contingency of compensation; and the beneficial results accomplished." *Smith v. Smith*, 253 S. C. 350, 170 S. E. (2d) 650, 653 (1969). Mrs. Gay's attorney filed an affidavit with the

family court detailing her time on this case. She is an experienced attorney and obtained a beneficial result for Mrs. Gay. Thus, we hold the court did not abuse its discretion.

Affirmed.

BELL and GOOLSBY, JJ., concur.