288 S.C. 637 (1986)
344 S.E.2d 186
Allen R. GARRIS, Appellant
v.
Susan Page Garris McDUFFIE Respondent.
0706
Court of Appeals of South Carolina.
Heard March 27, 1986.
Decided May 12, 1986.
*638 G. Gordon McLaurin, Jr., Dillon, for appellant.
James M. Saleeby, Hartsville, for respondent.
Heard March 27, 1986.
Decided May 12, 1986.
CURETON, Judge.
*639 The issues in this appeal concern child support, contempt of court citations, costs and attorney's fees. Appellant Allen R. Garris (Garris) appeals an order holding him in contempt of court and requiring him to pay to respondent Susan McDuffie (McDuffie) accrued medical bills, costs and attorney's fees. We affirm in part, reverse in part, and remand.
The parties were married on September 6, 1969. They had two children: Kristen, born on September 30, 1972, and Britta, born on February 14, 1977. The parties were divorced in November 1977. McDuffie was awarded custody of both children; One Hundred Fifty Dollars ($150.00) per month as alimony; and Four Hundred Dollars ($400.00) per month as child support. Garris was awarded visitation privileges and was required to pay for private school tuition and for the children's medical expenses.
Both parties have remarried. Garris has three children by his current wife, Roberta, and he supports both of her children from former marriages. Mrs. Garris works part-time for three months each summer. Both McDuffie and her husband are teachers and no children have been born to them.
By petition dated October 13, 1978, Garris prayed for the termination of his alimony obligation, a reduction in child support and McDuffie's payment of medical expenses not covered by insurance. He claimed that he was unable to meet his financial obligations because of poor crop yields and an unprofitable law practice. By order dated February 7, 1979 the trial judge: (1) reduced the alimony award to Seventy Five Dollars ($75.00) monthly; (2) sustained the Four Hundred Dollars ($400.00) per month figure for child support; (3) required Garris to provide health insurance and to pay two-thirds of the children's uninsured medical costs "conditioned upon his being supplied reasonable medical information and reports promptly"; and (4) released him from having to pay for private school tuition.
On December 7, 1983, Garris brought this action for an order reducing his child support obligations, enforcing his visitation rights, holding McDuffie in contempt for violating the visitation provisions in the divorce decree and awarding attorney's fees and costs. McDuffie answered and counterclaimed *640 for an order restricting visitation, requiring Garris to pay alimony and child support arrearages, holding him in contempt for failure to make timely support payments, requiring him to pay Seven Hundred Forty-nine Dollars and Sixty-nine Cents ($749.69) for children's medical bills and awarding attorney's fees and costs.
The parties were able to reach an agreement concerning visitation prior to trial. Their agreement was read into the record and a separate order was issued concerning visitation. The trial judge ruled that Garris' request to have McDuffie held in contempt for denying visitation had been settled by the agreement concerning future visitation. Thereafter, the trial judge held Garris in contempt of court and incarcerated him for seventy-two hours before he was allowed to purge himself of contempt by paying support arrearages. The trial judge also required Garris to pay both Seven Hundred Forty-nine Dollars and Sixty-nine Cents ($749.69) for children's medical expenses and a portion of McDuffie's attorney's fees and costs.
At trial Garris admitted that he had chosen to earn a living as a farmer; that his parents had given him two unencumbered farms as his inheritance; that he owed Two Thousand Four Hundred Dollars ($2,400.00) in past due alimony and Seven Thousand Four Hundred Dollars ($7,400.00) in past due child support; that he was unable to pay support timely because of continued poor crop yields, but that 1983 was a profitable year; and that he had limited his law practice to work for himself and family members.
McDuffie admitted that visitation ceased in June 1982 and that in 1983, Garris sent her three checks totalling Two Thousand Dollars ($2,000.00), but she did not cash them immediately in part because she believed that if she accepted the money, she would have to allow Garris to visit the children.
The issues on appeal are: (1) whether the trial judge abused his discretion by refusing to reduce Garris child support obligation; (2) whether the trial judge erred in holding Garris in contempt of court for willful failure to make support payments and incarcerating him; (3) whether the trial judge erred in failing to hold McDuffie in contempt for denying Garris his visitation rights; (4) whether the trial *641 judge erred in requiring Garris to pay the medical bills; and (5) whether the trial judge committed an abuse of discretion in requiring Garris to pay one-half of McDuffie's attorney's fees and one-half of the guardian ad litem fee.

I.
The question of child support is largely within the discretion of the trial judge whose decision will not be disturbed on appeal unless an abuse of discretion is shown. Sauls v. Sauls, 287 S.C. 297, 337 S.E. (2d) 893, 895 (Ct. App. 1985). The trial judge has authority to modify the amount of support upon a showing of a substantial or material change of circumstances. Calvert v. Calvert, 287 S.C. 130, 336 S.E. (2d) 884, 888 (Ct. App. 1985).
Here, the family court awarded Four Hundred Dollars ($400.00) monthly as support for two children in 1977. The family court continued to require Garris to pay the same amount in 1979 and again in 1984. Garris' showing of a change of circumstances amounted to assertions that he was barely making a living as a farmer and that he had remarried and now supports a total of five children in addition to McDuffie's children.
We agree with the trial judge's finding that Garris failed to show a substantial change of circumstances. Our review of the record reveals that Garris' 1978 action for reduction of his child support obligation was premised upon poor crop yields and an unprofitable law practice. The trial judge rejected these grounds as a basis for reducing child support. Clearly, these matters do not now constitute a change of circumstances inasmuch as these are the same grounds which Garris had presented to the court in the 1978 action. Moreover, the evidence supports the trial judge's finding that 1983 has been Garris' best farming year in several years. Thus Garris' financial situation has actually improved since the 1979 order.

II.
A judgment of contempt should be imposed sparingly and the determination whether to hold a party in contempt lies within the trial judge's discretion and will not be disturbed on appeal unless it is based on a finding without evidentiary support or where there has been *642 an abuse of discretion. Pratt v. South Carolina Department of Social Services, 283 S.C. 550, 324 S.E. (2d) 97, 98 (Ct. App. 1984); Hicks v. Hicks, 280 S.C. 378, 312 S.E. (2d) 598, 599 (Ct. App. 1984). Garris argues that the trial judge abused his discretion by punishing him for the support arrearages since Garris initiated the litigation, acknowledging his indebtedness, but claiming an inability to pay.
We find that this issue is moot. "A case becomes moot when judgment, if rendered, will have no practical legal effect upon existing controversy. This is true when some event makes it impossible for [a] reviewing [c]ourt to grant effectual relief." Jones v. Dillon-Marion Human Resources Development Commission, 277 S.C. 533, 536, 291 S.E. (2d) 195, 196 (1982). State appellate courts will not issue advisory opinions on questions for which no meaningful relief can be granted. Gainey v. Gainey, 279 S.C. 68, 301 S.E. (2d) 763, 764 (1983). Here, Garris has already served his sentence and paid the arrearages. No effectual relief  i.e. releasing him from imprisonment  can be provided by this court. See Garland v. Tanksley, 99 Ga. App. 201, 107 S.E. (2d) 866, 870 (1959) ("Where a jail sentence is imposed for a contempt of court, and such sentence has been served in its entirety at the time the writ of error is presented for argument to the appellate court, it will be dismissed as moot."); Chappell v. Chappell, 282 S.C. 376, 318 S.E. (2d) 590, 591 (Ct. App. 1984) (payment of fine imposed in contempt proceedings waives right of review of contempt order).

III.
The trial judge found that the issue of McDuffie's being held in contempt for denying visitation had been settled by the agreement concerning future visitation. Thus, the trial judge implicitly refused to hold McDuffie in contempt. A trial judge's order refusing to hold a party in contempt is reversible when the holding is based on a finding that is without evidentiary support or when there is an abuse of discretion. Means v. Means, 277 S.C. 428, 288 S.E. (2d) 811, 812-13 (1982).
Here, the evidence does not support the finding that Garris had abandoned or waived his right to seek a contempt citation. At the beginning of the trial, the *643 trial judge acknowledged that the issues in the case concerned arrearages, child support, attorney's fees and contempt of court citations.
During the trial and without objection, McDuffie was questioned about her reasons for withholding visitation and she indicated that she was reluctant to cash checks which Garris sent to her because she thought she might have to allow him to resume visitation.[1]
A question not passed upon by the trial judge is not properly addressed to an appellate court. Timms v. Timms, 286 S.C. 291, 333 S.E. (2d) 74, 75 (Ct. App. 1985). We remand this issue for a determination by the family court. See Holme v. Holme, 287 S.C. 68, 336 S.E. (2d) 508, 511 (Ct. App. 1985) (issue not decided by trial judge remanded for proper consideration); Bratcher v. Ashley, 245 S.C. 421, 141 S.E. (2d) 109, 111 (1965) (question not passed upon remanded for determination).

IV.
The trial judge required Garris to pay Seven Hundred Forty-nine Dollars and Sixty-nine Cents ($749.69) for the children's medical expenses. Garris argues that he should not have to pay these bills because McDuffie did not inform him about the bills and because he is now prevented from filing a timely claim with his health insurance carrier. McDuffie admitted that she did not send the bills to Garris.
In appeals from the family court, this court can make findings of fact in accordance with its own view of the preponderance of the evidence. Baker v. Baker, 286 S.C. 200, 332 S.E. (2d) 550, 551 (Ct. App. 1985). We find that Garris need not pay Seven Hundred Forty-nine Dollars and Sixty-nine Cents ($749.69) because of McDuffie's failure to comply with the family court order which made Garris responsible for medical bills only if he were supplied with medical information and reports promptly. Our holding is limited to the Seven Hundred Forty-nine Dollars and Sixty-nine Cents *644 ($749.69) and does not excuse Garris from being responsible for future medical bills supplied to him in accordance with the family court order.

V.
An award of attorney's fees lies within the sound discretion of the trial judge and will not be disturbed on appeal absent an abuse of discretion. Gay v. Gay, 288 S.C. 74, 339 S.E. (2d) 532, 534 (Ct. App. 1986). The trial judge also has authority to award costs. See Miller v. Miller, 280 S.C. 314, 313 S.E. (2d) 288, 290 (1984).
In making an award of attorney's fees the family court should consider and make appropriate findings concerning: (1) the nature, extent, and difficulty of legal services rendered; (2) the time and labor necessarily devoted to the case; (3) the professional standing of counsel; (4) the contingency of compensation; (5) the beneficial results accomplished; and (6) the fee customarily charged in the locality for similar legal services. Atkinson v. Atkinson, 279 S.C. 454, 309 S.E. (2d) 14, 16 (Ct. App. 1983). The same equitable considerations which apply to attorney's fees also apply to costs. Nienow v. Nienow, 268 S.C. 161, 232 S.E. (2d) 504, 510 (1977).
We have reviewed the record and we find that the trial judge did not abuse his discretion in awarding attorney's fees and costs.
For the foregoing reasons, the orders of the trial judge are
Affirmed in part, reversed in part, and remanded.
GOOLSBY and SHAW, JJ., concur.
NOTES
[1] A custodial parent cannot withhold visitation because of a non-custodial parent's failure to make child support payments. See Anderson v. Anderson, 282 S.C. 163, 318 S.E. (2d) 566, 567 (1984); Garris v. Cook, 278 S.C. 622, 300 S.E. (2d) 483, 484 (1983).