617 S.E.2d 359

**Cheryl Howard CRAIG, Respondent,**

v.

**William Rhett CRAIG, III, Petitioner.**

**No. 25970.**

Supreme Court of South Carolina.

Submitted Feb. 16, 2005.

Decided April 11, 2005.

Refiled July 25, 2005.

286

T. Preston Reid, of Howard, Howard, Francis & Reid, of Greenville, for Petitioner.

Jean Perrin Derrick, of Lexington; and Stuart G. Anderson, Jr., of Anderson, Fayssoux & Chasteen, of Greenville, for Respondent.

Chief Justice TOAL.

Respondent, Cheryl Howard Craig (Wife), brought the underlying divorce against Petitioner, William Rhett Craig, III (Husband), seeking custody of the couple's youngest child,

division of the marital property, alimony, child support, and attorney's fees.

## FACTUAL/PROCEDURAL BACKGROUND

Husband and wife were married in 1974. In January 2000, Husband told Wife that he wanted to end the marriage and that he had engaged in five affairs over the course of their twenty-five-year marriage. Husband denied that he was having an affair and claimed the last affair he had was two-and-a-half years earlier. The couple decided to separate. In August 2000, Wife filed for divorce. After filing for divorce, Wife learned that Husband was engaged in a pre-separation affair. Husband denied this allegation, but before the case went to trial, Husband admitted the extra marital affair in a sworn affidavit submitted to the court. As a result, Wife established pre-separation adultery and was granted a divorce *a vinculo matrimonii.*

The couple has three children. The oldest child was living in the marital home at the time of the divorce. The oldest child suffers from injuries sustained in a childhood bicycle incident, but is able to care for himself financially because of a settlement relating to the injuries he suffered as a child. The second child is a college graduate who, at the time of divorce, also lived in the marital home while searching for employment. The third and youngest child was a junior in high school and lived in the home.

Wife has a master's degree in nursing and has been employed as a critical care nurse. Husband is a doctor and is a partner in a medical group that specializes in internal medicine. The couple has significant marital assets. The total value of the marital estate was determined to be $2,473,430.10. The marital property includes, but is not limited to, a home in Greenville, a significant 401(k) account, and other financial investment accounts.

The family court awarded custody of the youngest child to Wife. In addition, the family court found Wife had a special equity in non-marital property owned by the husband.[1] The

1. Husband owns an interest in several other properties that the family court determined to be non-marital property. The court found that

remaining marital assets, including Husband's retirement account, were divided equally. Moreover, the court ordered that, after the graduation of the youngest child from high school, the marital home was to be sold and the proceeds from the sale divided equally. In addition, the family court judge awarded Wife $500 per month in permanent periodic alimony and contribution toward her attorney's fees and costs.

Following the court's ruling, Wife filed a motion to alter or amend the judgment. The judge granted the motion and amended the order to grant Wife transitional monthly alimony of $3,000, until the sale of the marital home, at which time the amount of permanent periodic alimony would be set at $875 per month.

Despite the increase in alimony, Wife appealed and the court of appeals held that the family court erred in requiring the sale of the marital home and awarded Wife the home. *Craig v. Craig*, 358 S.C. 548, 558–59, 595 S.E.2d 837, 843 (Ct.App.2004). The court of appeals then divided the remaining assets of the total marital estate equally, awarding both parties $1,236,715.05. Because the court awarded Wife the home, the court awarded Husband more of his retirement account to arrive at an even division of the assets and account for his equity in the home. Further, the court awarded Wife permanent periodic alimony of $3,000 per month.

This Court granted Husband's petition for certiorari, and the following issues have been raised for review:

I. Did the court of appeals err in reversing the family court's order to sell the marital home and equally divide the proceeds between Husband and Wife?

II. Did the court of appeals err in increasing the award of permanent periodic alimony to $3,000 per month?

### LAW/ANALYSIS

### I. Marital Residence

██ Husband contends that the court of appeals erred in reversing the family court's decision to sell the marital home

---

Wife had a special equity in the properties because she contributed to their improvement.

and equally divide the proceeds between Husband and Wife. We disagree.

■■■ The division of marital property is within the discretion of the family court judge and the judge's decision will not be disturbed on appeal absent an abuse of discretion. *Morris v. Morris*, 295 S.C. 37, 39, 367 S.E.2d 24, 24 (1988). In order to effect an equitable division of property, the family court may require the sale of marital home. *Donahue v. Donahue*, 299 S.C. 353, 360, 384 S.E.2d 741, 745 (1989). Before ordering marital property be sold, the court should first try to make an "in-kind" distribution of the marital assets. *Id.* However, a family court may grant a spouse title to the marital home as part of the equitable distribution. *Id.* When distributing marital property, the family court should consider all fifteen factors set forth in the Code. S.C.Code Ann. § 20–7–472 (Supp.2003). The family court considers the desirability to award the family home as part of the equitable distribution and any non-marital assets owned by either party. S.C.Code Ann. § 20–7–472(7) and (10) (Supp.2003).

In the present case, the court of appeals correctly awarded sole possession of the marital home to Wife. The award of the marital home was part of the equitable distribution of the marital estate, not an award incident to support.

■■■ It is well established that family courts are empowered to include in an order for support that a party be provided with necessary shelter. S.C.Code Ann. § 20–7–420(15) (1976). A party who is granted possession of the marital home as an incident to support does not obtain a vested right to stay in the home for his lifetime; rather, changed circumstances may necessitate later modifying the possession. *Whitfield v. Hanks*, 278 S.C. 165, 166, 293 S.E.2d 314, 315 (1982). An award of the marital home incident to support requires a showing that compelling interests exist, such as (1) the need for adequate shelter for minors; (2) the occupying spouse has a special need for the house because of a handicap or other infirmity; (3) the inability of the occupying spouse to otherwise obtain adequate housing; or (4) other special circumstances exist. *Thompson v. Brunson*, 283 S.C. 221, 226–27, 321 S.E.2d 622, 625 (Ct.App.1984).

■ But if the house is awarded to a spouse as part of the equitable distribution of the marital estate, then no showing of special circumstances need be shown. *Donahue*, 299 S.C. at 360, 384 S.E.2d at 745. The marital home is merely a share of the total marital estate. *Id.* The party either gets the house or the value of his share of the equity in the house.

In the present case, the home was ordered to be sold as a part of the equitable distribution of the marital property. As a result, Wife does not need to demonstrate that special circumstances exist. However, the family court erred in making its equitable distribution of the assets.

In distributing the marital property, the family court did not apply the factors outlined in section 20–7–472. The family court failed to consider the desirability to maintain the marital home or consider the nonmarital property owned by Husband.

As to the desirability to maintain the marital home, Wife testified she had lived in the marital home longer than she had lived in any home. Further, Wife testified that she feels safe in the home because it is in a gated neighborhood. In addition, the children, even though emancipated, maintain rooms in the marital home. These factors weigh heavily in favor of awarding Wife the marital home as part of the equitable distribution of the estate.

In awarding the home as part of the distribution of the estate, the family court also overlooked the abundance of property owned by Husband. The record indicates that Husband owns an interest in at least three other properties either with his son or with other family members.

Therefore, we hold that the family court erred in not considering these factors when it apportioned the marital estate. Accordingly, the court of appeals correctly awarded Wife the marital home in the distribution of the estate.

## II. Alimony

■ Husband contends the court of appeals erred by reversing the family court's decision to award permanent periodic alimony and by increasing the amount of the award. We disagree.

 An award of alimony rests within the sound discretion of family court and will not be disturbed absent an abuse of discretion. *Dearybury v. Dearybury*, 351 S.C. 278, 282, 569 S.E.2d 367, 369 (2002). Alimony is a substitute for the support which is normally incident to the marital relationship. *Spence v. Spence*, 260 S.C. 526, 529, 197 S.E.2d 683, 684 (1973). Generally, alimony should place the supported spouse, as nearly as practical, in the same position as enjoyed during the marriage. *Allen v. Allen*, 347 S.C. 177, 184, 554 S.E.2d 421, 424 (Ct.App.2001).

When awarding alimony, the family court considers the following factors: (1) duration of the marriage; (2) physical and emotional health of the parties; (3) educational background of the parties; (4) employment history and earning potential of the parties; (5) standard of living established during the marriage; (6) current and reasonably anticipated earnings of the parties; (7) current and reasonable anticipated expenses of the parties; (8) marital and nonmarital properties of the parties; (9) custody of children; (10) marital misconduct or fault; (11) tax consequences; (12) prior support obligations; and (13) other relevant factors the court considers relevant. S.C.Code Ann. § 20–3–130(C) (Supp.2003); *Patel v. Patel*, 347 S.C. 281, 290, 555 S.E.2d 386, 391 (2001) (holding that the court is required to consider all relevant factors in determining alimony).

In the present case, the family court abused its discretion by not addressing the standard of living established by the couple during the marriage. Husband and Wife established a very high standard of living for themselves. The couple has a very nice home in a very nice neighborhood. Wife drives a nice car. These are things Wife has grown accustomed to during the marriage. But for the infidelities of Husband, Wife would continue to enjoy the life that she had during the marriage.

Therefore, we hold that the court of appeals correctly awarded Wife an increase in alimony. Accordingly, we direct that the increase in periodic alimony begins from the time the family court issued its order. *See Christy v. Christy*, 317 S.C. 145, 152, 452 S.E.2d 1, 5 (Ct.App.1994) (holding that modifica-

tion of alimony applies retroactively only if ordered by the appellate court).

## CONCLUSION

Based on the reasoning outlined above, we affirm the court of appeals.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.