THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 June T. Fuller, Appellant/Respondent,
 v.
 James T.
 Fuller, Respondent/Appellant.
 
 
 

Appeal From Greenville County
Robert N. Jenkins, Sr., Family Court Judge
Unpublished Opinion No. 2009-UP-008
Submitted October 22, 2008  Filed January
 7, 2009   
AFFIRMED

 
 
 
 J. Falkner Wilkes, of Greenville, for Appellant-Respondent.
 Bruce Wyche Bannister, of Greenville, for Respondent-Appellant.
 
 
 

PER CURIAM:  This is a cross-appeal in a divorce action.  June T.
 Fuller (Wife) alleges error in the inclusion of her premarital home in the
 marital estate and the decision of the family court to accept the valuation and
 distribution of the marital assets proposed by James T. Fuller (Husband).  Husband
 alleges error in the family courts assignment of one hundred percent of the
 marital debt to him.  We affirm.[1]
FACTS AND PROCEDURAL HISTORY
The parties married
 in 1979 and separated in 2003.  No children were born of the marriage.  When
 they married, Wife had been employed with Hoechst Celanese for twelve years. 
 Husband at the time was unemployed, having been fired from his most recent
 job.  Shortly after the marriage, Wife quit her job and bought a trucking
 business, and Husband worked for her as a truck driver.
The
 marital residence was a house on Heathwood Drive, in Taylors, South Carolina.  Wife
 purchased the house in 1969 with her former husband.  Wife paid her former
 husband $22,500 for his half-interest in the home before she married Husband.
When Husband and
 Wife married, Wife had a mortgage of $22,000 on the home.  The mortgage was
 paid off by 1982 with funds Wife earned both before and during her marriage to
 Husband.  According to Wife, although Husband was working for her in her
 trucking business, he did not contribute any funds toward payment of the
 mortgage.  During their marriage, the parties added a screened-in porch to the
 house and made it into a Florida room.  Although Wife maintained she paid for
 the improvement from her earnings, she acknowledged Husband performed the
 physical labor.  Husband also maintained he contributed toward other
 improvements, including glass in the side of the carport, an additional
 building behind the house, and porch cement.
The parties
 separated on February 14, 2003.  According to Wife, the separation occurred
 following an altercation between the parties over a tax refund.  Wife filed a
 complaint in the family court on February 21, 2003, and amended it in May
 2003.  Husband answered and counterclaimed, and Wife filed a reply.  
The matter came
 before the family court on June 23, 2004, and January 20, 2005, for a final
 hearing.  At the end of the first full day of the hearing, the family court
 granted Husbands motion to bifurcate the proceedings.  By order issued at the
 conclusion of the first hearing on June 23, 2004, the parties were divorced.
On
 March 15, 2005, the family court issued an order addressing the remaining
 issues.  Of relevance to this appeal, the family court (1) found Wife had shown
 sufficient evidence of physical abuse by Husband constituting marital
 misconduct; (2) ordered that [a]ll of the marital debts listed on the
 Financial Declarations and in existence at the time of the filing of the
 original Complaint in February 2003 shall be the sole responsibility of
 [Husband]; and (3) identified and valued the marital assets using a list
 provided by Husband and found that a 50-50 division of the marital assets was
 proper.  The family court also found Husband in contempt for certain
 misrepresentations concerning a workers compensation settlement, his social
 security income, and his ownership of a motorcycle.  As a result, Husband was
 ordered to pay $12,875 toward Wifes attorneys fees.  Nevertheless, the court
 based its equitable division award primarily on a statement Husband provided
 that listed, valued, and divided the marital assets, instead of a similar
 statement provided by Wife.  Husbands statement included as a marital asset the
 Heathwood Drive home that Wife had purchased with her former husband and had
 served as the parties residence before their separation.
Wife
 moved to alter or amend the order, and the motions were heard December 13,
 2005.  Following an order issued later that month, both parties appealed.

DISCUSSION
1.  Wife alleges error in the
 family courts inclusion of the Heathwood Drive residence in the marital estate,
 arguing (1) there were no specific findings of fact in the family courts order
 that would support a finding of transmutation; and (2) Husband failed to prove she
 had intended that the home would be transmuted into marital property.  We find
 no reversible error.[2]
Wife is correct
 that the appealed order is devoid of any pertinent findings of fact regarding
 transmutation of the home; however, if this Court can make its own findings
 from its review of the evidence, remand is not necessary.  Sutton v. Sutton,
 291 S.C. 401, 411, 353 S.E.2d 884, 889 (Ct. App. 1987).  Based on our review of
 the record on appeal in this case, we find there is ample evidence of more than
 mere use of the home that would support a finding that, regardless of indications
 that Wife always intended to retain sole title to the property, it was used in
 support of the marriage so as to demonstrate the parties intent to make it a
 marital asset.  See Pool v. Pool, 321 S.C. 84, 88, 467 S.E.2d
 753, 756 (Ct. App. 1996) (stating transmutation of nonmarital property may
 occur if the property (1) becomes so commingled with marital property as to be
 untraceable; (2) becomes jointly titled; or (3) is utilized by the parties in
 support of the marriage or in some other manner so as to evidence an intent by
 the parties to make it marital property).  Although Wife maintains Husband did
 not contribute directly to the mortgage payment, she acknowledges he was
 working while the mortgage was being paid off and his earnings assisted the
 parties in meeting their other expenses during this time.  In addition, the
 parties lived in the home almost twenty-four years, during which Husband
 contributed his physical labor to various improvements.[3]
2.  Wife further argues the
 family court erred in adopting Husbands proposal for division of the marital
 property, apparently rejecting the proposal she submitted.  We find no error.
In the appealed
 order, the family court gave no reason for why it elected to use Husbands
 marital assets sheet instead of Wifes.  In addition, Wife emphasizes Husbands
 misconduct both before and during the proceedings, including his physical abuse
 of her and his misrepresentation to the family court about his assets and
 income.  Wife, however, did not give any specific reasons as to why the family
 courts valuation and division of the marital assets were incorrect, nor did
 she provide appraisals or other independent evidence to support her valuations. 
 Moreover, although the family court elected to use Husbands marital assets
 sheet, it also made adjustments for Husbands misrepresentations and imposed
 sanctions on him by ordering him to pay Wifes attorneys fees.  Under these
 circumstances, we hold Wife has not presented a basis on which to find the
 family court abused its discretion in dividing the marital assets and therefore
 decline to disturb the provisions of the appealed order addressing this issue.  See Craig v. Craig, 365 S.C. 285, 290, 617 S.E.2d 359, 361 (2005)
 (The division of marital property is within the discretion of the family court
 judge and the judges decision will not be disturbed on appeal absent an abuse
 of discretion.).
3.  Husband also appeals the
 decision of the family court.  He argues that the family court abused its
 discretion in assigning all of the marital debt to him.  Husband avers such an
 assignment of debt (1) is a violation of the statutory requirement that marital
 debt be equitably divided; and (2) made the ultimate division of the marital
 estate inequitable.  We disagree. 
The
 laws of this state provide fifteen factors for the court to consider in
 dividing and apportioning marital property. S.C. Code Ann. § 20-7-472 (Supp.
 2007).  In dividing the marital estate the family court judge has wide
 discretion, and the judgment of the family court will not be disturbed on
 appeal absent an abuse of discretion.  Craig, 365 S.C. at 290, 617
 S.E.2d at 361; Wood v. Wood, 292 S.C. 43, 45, 354 S.E.2d 796, 798 (Ct. App. 1987); Gay v. Gay, 288 S.C. 74, 75, 339 S.E.2d 532, 533-34 (Ct. App. 1986).  
In
 marriages of significant length, this Court has approved equal division as an
 appropriate starting point for a family court judge [when] attempting to divide
 an estate. Doe v. Doe, 370 S.C. 206, 214, 634 S.E.2d 51, 56 (Ct. App. 2006).  However, there is certainly no recognized presumption in favor of a
 fifty-fifty division. Id.  As such, the discretion remains with the
 family court judge to determine an appropriate division of the marital estate.  
We
 find it to be within the discretion of the family court judge to assign all or
 part of marital debt to a party as a mechanism for achieving the desired
 division of the marital estate.  Although such an assignment in this case
 occasioned a 39% to 61% split of the estate in favor of the Wife, such a determination
 is within the discretion of the family court.  See id. (ruling a
 60% to 40% division to be equitable).   Furthermore, we note that a review of
 the record indicates that Husband agreed to accept all of the marital debt.  
Accordingly,
 we find the record supports the family courts division of the marital estate
 in this case.  It is irrelevant that this Court may have weighed particular
 factors differently than the family court. See Green v. Green,
 351 S.C. 329, 340, 569 S.E.2d 603, 604 (Ct. App. 1993). 
The
 family court did not abuse its discretion in assigning all the marital debt to
 Husband.
AFFIRMED.
SHORT, THOMAS,
 and PIEPER, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.
[2]  It appears
 from the transcript that Wifes trial counsel argued to the family court that
 Husband was entitled to only a special equity in the Heathwood Drive residence;
 however, the family court did not address this argument in the final order. 
 Wifes post-trial motions were not included in the record on appeal, and this
 Court requested copies of the motions from Wifes appellate counsel.  There was
 no mention in any of the materials submitted in response to the request about
 the possibility of limiting Husbands interest in the residence to a special
 equity; therefore, we cannot consider such a possibility on appeal.  See Noisette v. Ismail, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (holding
 the court of appeals improperly addressed an issue that the circuit court did
 not explicitly rule on when the appellant did not raise the issue in a motion
 to alter or amend).
[3]  Although we have affirmed the appealed order based
 on our own findings from our review of the evidence, we take this opportunity
 to remind the family court bench that, under the South Carolina Rules of Family
 Court, [a]n order or judgment pursuant to an adjudication in a domestic
 relations case shall set forth the specific findings of fact and conclusions of
 law to support the courts decision. Rule 26(a), SCRFC.