THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Lois Burris
 Brunson, Respondent,
 v.
 Dennis Dean
 Brunson, Petitioner.
 
 
 

ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

Appeal From York County
 Georgia V. Anderson, Family Court Judge

Memorandum Opinion No. 2009-MO-054
 Heard September 16, 2009  Filed October
12, 2009   

AFFIRMED IN PART; REVERSED IN PART

 
 
 
 John
 S. Nichols, of Bluestein Nichols Thompson and Delgado, of Columbia, and David C.
 Shea, of Columbia, for Petitioner.
 Thomas
 F. McDow and Erin U. Fitzpatrick, of Rock Hill, for Respondent.
 
 
 

PER CURIAM: In
 this divorce action, the Court granted petitioners request for a
 writ of certiorari to review the Court of Appeals unpublished decision.  Brunson
 v. Brunson, Op. No. 2007-UP-354 (S.C. Ct. App. filed July 16, 2007).  
We
 reverse the Court of Appeals decision to remand on the alimony issue.  
Furthermore,
 as to the three issues on certiorari, we affirm the family courts order pursuant
 to Rule 220(b)(1), SCACR, and the following authorities:  Issue I:  Dearybury
 v. Dearybury, 351 S.C. 278, 282, 569 S.E.2d 367, 369 (2002) (an award of
 alimony rests within the sound discretion of family court and will not be
 disturbed absent an abuse of discretion); S.C. Code  Ann. § 20-3-130(C) (Supp. 2008)
 (family court must consider and give weight in such proportion as it finds
 appropriate to all 13 factors for alimony); Issues II & III: Craig
 v. Craig, 365 S.C. 285, 290, 617 S.E.2d 359, 361 (2005) (the equitable division of marital property is within the
 discretion of the family court and that decision will not be disturbed on
 appeal absent an abuse of discretion); Doe v. Doe, 370 S.C. 206,
 213-14, 634 S.E.2d 51, 55 (Ct. App. 2006) (the appellate court looks to
 the overall fairness of the apportionment)and S.C. Code Ann. § 20-3-610 (Supp.
 2008) (the family court may award a special equity in marital property based
 upon all the equitable apportionment factors set out in S.C. Code Ann. §
 20-3-620(B)).
AFFIRMED
 IN PART; REVERSED IN PART.
TOAL,
 C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.