**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jekeithlyn Ross, Respondent,

v.

Jimmy Ross, Appellant.

Appellate Case No. 2013-001252

Appeal From Spartanburg County
Jack A. Landis, Family Court Judge

Unpublished Opinion No. 2014-UP-436
Submitted August 1, 2014 – Filed December 3, 2014

**AFFIRMED**

Richard H. Rhodes and William Hardwick Rhodes, both
of Burts Turner & Rhodes, of Spartanburg, for Appellant.

N. Douglas Brannon, of Turnipseed & Brannon Law
Firm, of Spartanburg, for Respondent.

**PER CURIAM:** Jimmy Ross (Husband) appeals the family court's order, arguing the family court erred by: (1) awarding permanent, periodic alimony of $1,500 per month, and (2) awarding attorney's fees to Jekeithlyn Ross (Wife).

1.  We find the preponderance of the evidence supports the family court's decision regarding permanent, periodic alimony.  *See* S.C. Code Ann. § 20-3-130(C) (2014); *Chisholm v. Chisholm*, 396 S.C. 507, 510, 722 S.E.2d 222, 223 (2012) (explaining that when reviewing appeals from the family court, an appellate court may find facts in accordance with its own view of the preponderance of the evidence); *Craig v. Craig*, 365 S.C. 285, 292, 617 S.E.2d 359, 362 (2005) ("Generally, alimony should place the supported spouse, as nearly as practical, in the same position as enjoyed during the marriage.").

2.  We find the preponderance of the evidence supports the family court's grant of attorney's fees to Wife.  *See Lewis v. Lewis*, 392 S.C. 381, 390, 709 S.E.2d 650, 654-55 (2011) ("De novo review permits appellate court fact-finding, notwithstanding the presence of evidence supporting the [family] court's findings." (emphasis omitted)); *Reiss v. Reiss*, 392 S.C. 198, 210, 708 S.E.2d 799, 805 (Ct. App. 2011) ("In deciding whether to award attorney's fees and costs, the family court should consider (1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) [the] effect of the attorney's fee on each party's standard of living." (alteration in original) (internal quotation marks omitted)).  With regard to Husband's argument that Wife's attorney's affidavit was insufficient to support the amount of attorney's fees, we find this argument unpreserved.  *See Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54-55 (Ct. App. 2006) ("[W]hen an appellant neither raises an issue at trial nor through a Rule 59(e), SCRCP, motion, the issue is not preserved for appellate review.").  Accordingly, the decision of the family court is affirmed.

**AFFIRMED.**[1]

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.