**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Thomas Johnson, Respondent,

v.

Alfreda Johnson, Appellant.

Appellate Case No. 2018-000551

———————

Appeal From Richland County
Karen F. Ballenger, Family Court Judge

———————

Unpublished Opinion No. 2021-UP-019
Submitted January 1, 2021 – Filed January 27, 2021

———————

**AFFIRMED**

———————

John Stephen Keffer, of Young, Keffer & Donnald, PA, of Sumter, for Appellant.

Catherine Townes Johnson, of Law Office of Catherine Johnson, of Columbia, for Respondent.

———————

**PER CURIAM:** Alfreda Johnson (Wife) appeals a decree of divorce, arguing the family court erred by denying her request for alimony and determining Thomas Johnson's (Husband's) disability severance pay was not marital property. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  We find the family court did not err by denying Wife an award of alimony. Wife failed to present evidence on many of the statutory factors this court considers when determining whether an award of alimony is warranted, including the parties' standard of living during the marriage, her educational background, and her employment history and earning potential.  Moreover, at the time of the January 2018 hearing, Wife had been living without support from Husband for approximately five years. Because Wife failed to show a preponderance of the evidence was against the family court's findings, we affirm.  *See Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018) (holding on appeal from the family court, an appellate court reviews factual and legal issues de novo); *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) (stating appeals from the family court are reviewed de novo and the appellant bears the burden of proving the family court erred or its findings are not supported by the preponderance of the evidence); S.C. Code Ann. § 20-3-130(C) (2014) (providing the factors a court should consider in making an award of alimony include: "(1) the duration of the marriage together with the ages of the parties at the time of the marriage and at the time of the divorce . . . ; (2) the physical and emotional condition of each spouse; (3) the educational background of each spouse . . . ; (4) the employment history and earning potential of each spouse; (5) the standard of living established during the marriage; (6) the current and reasonably anticipated earnings of both spouses; (7) the current and reasonably anticipated expenses and needs of both spouses; (8) the marital and nonmarital properties of the parties, including those apportioned to him or her in the divorce . . . ; (9) custody of the children . . . ; (10) marital misconduct or fault of either or both parties . . . ; (11) the tax consequences to each party as a result of the particular form of support awarded; (12) the existence and extent of any support obligation from a prior marriage or for any other reason of either party; and (13) such other factors the court considers relevant."); *Pirri v. Pirri*, 369 S.C. 258, 267, 631 S.E.2d 279, 284 (Ct. App. 2006) (providing that when a court is considering an alimony award, "[n]o one factor is dispositive" (quoting *Allen v. Allen*, 347 S.C. 177, 184, 554 S.E.2d 421, 425 (Ct. App. 2001))); *Craig v. Craig*, 365 S.C. 285, 292, 617 S.E.2d 359, 362 (2005) ("Generally, alimony should place the supported spouse, as nearly as practical, in the same position as enjoyed during the marriage.").

2.  We find the family court did not err by failing to divide Husband's disability severance pay, which he received in 2014, because Wife failed to establish the money was in existence at the time Husband filed the action for divorce in 2017. *See Stoney*, 422 S.C. at 596, 813 S.E.2d at 487 (holding on appeal from the family court, an appellate court reviews factual and legal issues de novo); S.C. Code Ann. § 20-3-630(A) (2014) (defining the term "marital property" as "all real and

personal property which has been acquired by the parties during the marriage *and which is owned as of the date of filing or commencement of marital litigation . . . regardless of how legal title is held . . . ."* (emphasis added)); *Panhorst v. Panhorst*, 301 S.C. 100, 104-05, 390 S.E.2d 376, 379 (Ct. App. 1990) (finding property that no longer belonged to either party at the time the action was filed was not subject to equitable distribution).[1]

**AFFIRMED.**[2]

**THOMAS, HILL, and HEWITT, JJ., concur.**

---

[1] We further note the Supreme Court has held military disability pay is not marital property. *See Mansell v. Mansell*, 490 U.S. 581, 595 (1989) (holding the Former Spouses' Protection Act, 10 U.S.C.A. § 1408(a)(4)(B) (Supp. 1995), does not grant state courts the power to treat military disability benefits as divisible upon divorce).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.