**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Merilee Landano, Respondent,

v.

Norman S. Landano Sr., Appellant.

Appellate Case No. 2020-000036

—————

Appeal From Aiken County
Vicki J. Snelgrove, Family Court Judge

—————

Unpublished Opinion No. 2022-UP-119
Submitted February 1, 2022 – Filed March 23, 2022

—————

**AFFIRMED**

—————

Jennifer Lynn Mook, of Law Office of Jennifer Mook, LLC, of Aiken, for Appellant.

Merilee Landano, of Piedmont, pro se.

—————

**PER CURIAM:** Norman S. Landano, Sr. (Husband) appeals a decree of divorce, arguing the family court erred in (1) awarding Merilee Landano (Wife) $750 per month in permanent periodic alimony and (2) granting her forty-five percent of the marital estate. We affirm.

1. The family court did not err in awarding Wife permanent periodic alimony. The facts supporting the grant of $750 per month in permanent periodic alimony

are as follows: (1) the couple was married for sixteen years; (2) Wife was fifty-seven years old at the time of the divorce; (3) Husband's earning ability was more than double Wife's, and while Wife worked part-time, Husband had no objection to her work schedule during the marriage and neither party provided evidence that Wife would be able to find a full-time job with her work experience; (4) the family court granted Husband fifty-five percent of the marital estate; and (5) Husband's infidelity caused the breakdown of the marriage. Because Husband failed to show the family court's findings were not supported by a preponderance of the evidence, we affirm. *See Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018) (holding on appeal from the family court, an appellate court reviews factual and legal issues de novo); *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) (stating appeals from the family court are reviewed de novo and the appellant bears the burden of proving the family court erred or its findings are not supported by the preponderance of the evidence); S.C. Code Ann. § 20-3-130(C) (2014) (providing the factors a court should consider in making an award of alimony include: "(1) the duration of the marriage together with the ages of the parties at the time of the marriage and at the time of the divorce . . . ; (2) the physical and emotional condition of each spouse; (3) the educational background of each spouse . . . ; (4) the employment history and earning potential of each spouse; (5) the standard of living established during the marriage; (6) the current and reasonably anticipated earnings of both spouses; (7) the current and reasonably anticipated expenses and needs of both spouses; (8) the marital and nonmarital properties of the parties, including those apportioned to him or her in the divorce . . . ; (9) custody of the children . . . ; (10) marital misconduct or fault of either or both parties . . . ; (11) the tax consequences to each party as a result of the particular form of support awarded; (12) the existence and extent of any support obligation from a prior marriage or for any other reason of either party; and (13) such other factors the court considers relevant"); *Pirri v. Pirri*, 369 S.C. 258, 267, 631 S.E.2d 279, 284 (Ct. App. 2006) (providing that when a court is considering an alimony award, "[n]o one factor is dispositive" (quoting *Allen v. Allen*, 347 S.C. 177, 184, 554 S.E.2d 421, 425 (Ct. App. 2001))); *Craig v. Craig*, 365 S.C. 285, 292, 617 S.E.2d 359, 362 (2005) ("Generally, alimony should place the supported spouse, as nearly as practical, in the same position as enjoyed during the marriage.").

2. The family court did not err in granting Wife forty-five percent of the marital estate—which consisted of ten acres of land and two homes on the property—because the record shows the overall apportionment was equitable and fair. The family court considered the following: (1) Husband transferred the property to Wife soon after the marriage; (2) Wife contributed financially to improvements on

the property; (3) Wife contributed toward insurance and taxes on the property and made all but two-and-one-half of the insurance payments following the parties' separation; (4) Wife handled the rental property and tenant issues for approximately five years; (5) the parties resided in both the home and mobile home during the marriage; and (6) Husband owned the property prior to the marriage. *See Stoney*, 422 S.C. at 596, 813 S.E.2d at 487 ("[T]he proper standard of review in family court matters is de novo . . . ."); *Brown v. Brown*, 412 S.C. 225, 235, 771 S.E.2d 649, 654 (Ct. App. 2015) ("In reviewing a division of marital property, an appellate court looks to the overall fairness of the apportionment."); S.C. Code Ann. § 20-3-620(B) (2014) (providing fifteen factors the family court must weigh when apportioning a marital estate).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.